ALICE DANIEL *vs.* FRANK PAUL JARDIN & another. November 27, 1946. Order dismissing report affirmed. This is an action of contract or tort by a landlord against tenants of a dwelling house to recover for intentional damage to the premises let. The judge found that he was "not satisfied by a fair preponderance of convincing evidence that the defendants or either of them deliberately damaged or did anything to the tenement other than to use it in an ordinary reasonable way," and made a general finding for the defendants. The Appellate Division dismissed the report. The plaintiff appealed. Certain of the plaintiff's requests for rulings were rightly denied. They were either requests for findings of fact (*Crowninshield Shipbuilding Co.* v. *Jackman*, 283 Mass. 21, 22), or were rendered immaterial by the finding above quoted (*Cameron* v. *Buckley*, 299 Mass. 432, 434; *Strong* v. *Haverhill Electric Co.* 299 Mass. 455, 456), which was sufficient compliance with Rule 27 of the Rules of the District Courts (1940). The fact, if it be a fact, that certain evidence of the plaintiff was uncontradicted did not require that the judge accept it as true. *Lydon* v. *Boston Elevated Railway*, 309 Mass. 205, 206. *Perry* v. *Hanover*, 314 Mass. 167. *Zarrillo* v. *Stone*, 317 Mass. 510, 511. Contrary to the plaintiff's contention, this is not a case for application of the rule of law sometimes referred to as res ipsa loquitur. The plaintiff's requests for rulings which were granted did not require a finding for the plaintiff. There was no inconsistency between the general finding and the granting of the requests. But if there had been, the remedy was either a motion to correct the rulings made on the requests or a motion for a new trial. *National Shawmut Bank* v. *Johnson*, 317 Mass. 485, 492.

The case was submitted on briefs.

*J. Ferreira*, for the plaintiff.

*I. H. Simon*, for the defendants.

BERENICE M. DONOVAN *vs.* JOHN J. DONOVAN, JUNIOR. January 3, 1947. Decree affirmed. This libel for divorce, alleging as cause cruel and abusive treatment on the part of the libellee toward the libellant, comes before us on the appeal of the libellant from the decree entered by the judge dismissing the libel. There is no report of material facts but the evidence is reported. No new principle of law is involved in the case, and the issue presented for determination is solely one of fact. A recital of the evidence would serve no useful purpose. We have examined it in accordance with our duty under the familiar rule (*Hiller* v. *Hiller*, 305 Mass. 163, 164) and conclude that the cause alleged has not been sustained by the evidence.

*G. P. Lordan*, for the libellant, submitted a brief.

No argument nor brief for the libellee.