JOHN H. BIGGS *vs.* MICHAEL DENSMORE.

Essex. May 5, 1948. — June 11, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, SPALDING, & WILLIAMS, JJ.

*Practice, Civil,* Correction of error, Requests, rulings and instructions, Findings by judge. *Contract,* Building contract.

Findings by a judge of a District Court, hearing an action for a balance alleged to be due the plaintiff under a contract in writing for the installation of a heating system in the defendant's house, that the system would not heat the house to seventy degrees during cold weather, and that "the house could not be kept reasonably warm after the heating system was installed," imported a ruling that, under a provision of the contract, "We guarantee to heat the house to 70° at all times," the plaintiff was bound to install a system capable of heating the house to a temperature of seventy degrees; and such findings were not inconsistent with the granting of a request for a ruling that the plaintiff "did not become an insurer by giving the warranty" above quoted.

A party to an action in a District Court, to have a standing to present upon a report to an Appellate Division, and upon an appeal to this court from a dismissal of the report, a contention that action by the trial judge upon a request by him for a ruling was inconsistent with findings made and therefore that there was prejudicial error, should first press such contention either by a motion presented to the trial judge to correct the error or by a motion for a new hearing of the action.

CONTRACT. Writ in the District Court of Eastern Essex dated May 26, 1945.

The action was heard by *Morley,* J. He found for the plaintiff on the first item only.

*L. Albert,* for the plaintiff, submitted a brief.

No argument nor brief for the defendant.

WILLIAMS, J. This is an action of contract brought in the District Court of Eastern Essex to recover a balance alleged to be due under a written contract for the installation of a heating system in the defendant's house and for work, labor and materials furnished in connection therewith. The declaration is in one count on an account annexed with a credit and four debit items. The controversy here concerns the item which charged the defendant with the sum of $1,635 due under "Heating contract: work, labor and ma-

terials," on which the judge found for the defendant. The following requests made by the plaintiff for rulings were granted by the judge: "1. The evidence warrants a finding for the plaintiff. 2. The plaintiff did not become an insurer by giving the warranty: 'We guarantee to heat the house to 70 degrees at all times.' . . . 3. The evidence does not warrant a finding as to the specific temperature of any room in the house at any specific time on any specific date — other than as testified to by the plaintiff. 4. The evidence does not warrant a finding that damages of any kind have been sustained by Densmore. 5. The evidence does not warrant a finding that damages in any amount have been sustained by Densmore." The judge reported to the Appellate Division, stating: "The plaintiff claiming to be aggrieved by the finding for the defendant in the face of the granting of all the plaintiff's requests for rulings directed to the item of the 'Heating contract' in the amount of $1,635, I hereby report the same to the Appellate Division for determination." The plaintiff has appealed from an order of the Appellate Division that the report be dismissed.

The contract in question was in the form of a written proposal or specification, accepted by the defendant, for the installation by the plaintiff of an oil heating system in the defendant's house in Gloucester. The proposal stated: "It is the intent of this specification to cover a complete heating system and have ready for the use of the owner. We guarantee to heat the house to 70° at all times. . . . Our terms are as follows $800 when material is delivered, $700 when system is in operation and the balance after system has proved satisfactory." The judge found that "All of the work and material called for by the specifications was done and installed by the plaintiff; except as stated in the court's 'rulings and findings' with regard to the oil tanks and connecting up of the shower." These "rulings and findings" were that the system when completed by the plaintiff would not heat the house to seventy degrees during cold weather; "that the house could not be kept reasonably warm after the heating system was installed; . . . that the plaintiff failed to 'have basement shower ready for use' as provided

in his letter and that the pipes to the oil tanks have not been properly installed." In conclusion the judge found "that the plaintiff has not fully performed his contract with the defendant; that his breaches of the contract are substantial; and that, therefore, he cannot recover on the contract."

Under a declaration with an account annexed the plaintiff could recover money due under a special contract which has been fully performed, or, if he proved substantial performance of the contract with comparatively slight deviations, and with an honest intent on his part to perform, he could recover the contract price, deducting what the heating system as installed "was worth less to the defendant by reason of such deviations." *Cullen* v. *Sears*, 112 Mass. 299, 308. *Handy* v. *Bliss*, 204 Mass. 513. *Pelatowski* v. *Black*, 213 Mass. 428, 430. *Searls* v. *Loring*, 275 Mass. 403, 407. See *Egan* v. *Massachusetts Bonding & Ins. Co.* 266 Mass. 270, 273.

By granting the plaintiff's request numbered 2 the judge ruled that the language of the plaintiff's specification did not amount to an express warranty; but his findings import a ruling that the contract bound the plaintiff to install a heating system capable of heating the house to a temperature of seventy degrees. *White* v. *McLaren*, 151 Mass. 553. *Erickson* v. *George B. H. Macomber Co.* 211 Mass. 311, 318. The findings were not inconsistent with the above requested ruling.

It is the obligation of a judge hearing a case without a jury to adopt correct rules of law for his guidance and to find the facts as guided by such rules. Upon proper requests he must state the rules so adopted by him in order that the right of review thereof may be preserved to the parties in the case. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 18, 19. *Castano* v. *Leone*, 278 Mass. 429, 431. *Adamaitis* v. *Metropolitan Life Ins. Co.* 295 Mass. 215, 219.

Where a general finding is inconsistent with a ruling which has been made, the inconsistency may be remedied either by a motion to correct the ruling or by a motion for a new

trial. *Duralith Corp.* v. *Leonard,* 274 Mass. 397, 401. *DiLorenzo* v. *Atlantic National Bank,* 278 Mass. 321, 323, 324. *National Shawmut Bank* v. *Johnson,* 317 Mass. 485, 492. See *Railway Express Agency, Inc.* v. *Michelson,* 311 Mass. 704, 708; *Beck* v. *Warren Institution for Savings,* 312 Mass. 315; *Charles Street Garage Co.* v. *Kaplan,* 312 Mass. 624.

By granting the plaintiff's requests numbered 4 and 5 the judge ruled that the evidence did not warrant a finding of damage to the defendant "of any kind" or "in any amount." In view of his subsequent findings he apparently construed the requests as referring to evidence of a definite kind or amount of damage. The language of the requests is perhaps open to this construction; but if the rulings were inconsistent with the findings and the plaintiff was thereby harmed, he should have employed one of the above methods to remedy the inconsistency.

*Order dismissing report affirmed.*