*Northern District*

No. 4803

## JACOB GUSTAFSON
### v.
## METROPOLITAN TRANSIT AUTHORITY

March 22, 1955

*Eno, J.* By this action of tort the plaintiff seeks to recover for personal injuries allegedly sustained as the result of being struck and knocked down by the defendant's bus.

The reported evidence all came from the plaintiff, who testified that on Sunday, April 5, 1953, he had been at the House of Murphy from 8 p.m. to about 11:30 p.m., where he watched television; that he had two beers and was perfectly sober at the time of the accident; that he was standing at a bus stop on Centre Street, near Jackson Square, in Boston and saw an MTA bus coming out wide in the centre of

the road through the square at about 40 miles per hour and slowed down as it entered Centre Street; that he stepped off the curb and took a few steps out into the street; that when he was 5 *or 6 feet* from the curb "all of a sudden" he saw the headlights in his face; that he was "stupefied . . . glued and could not move"; that he could tell an MTA bus "a mile away"; that it was yellow and orange with passengers in it; that that was the last he remembered. On resumption of the trial a month later he testified that he saw the bus 20 feet away; that he stepped off the curb 5 feet; that the bus swerved in; that after seeing the bus 20 feet away he remembered it hit him because "it was the only thing moving that time of night."

The plaintiff filed the following requests for rulings which were disposed by the trial judge (*Walters, J.*) as follows:

"1. On all the evidence the Court is justified in finding that the defendant was negligent.

*Denied;* inconsistent with specific findings and rulings infra.

2. On all the evidence the Court is justified in finding that the plaintiff was not guilty of contributory negligence.

*Denied;* inapplicable by reason of rulings that negligence of defendant was not established by the weight of the evidence.

3. On all the evidence the Court is justified in finding the verdict for the plaintiff.

*Denied;* inconsistent with ruling that negligence of defendant was not established by the weight of the evidence.

4. That the plaintiff had a right to assume that the operator of the defendant's bus would slow down and come to a stop at the duly appointed bus stop.

Correct as an abstract statement; but in the case at bar, there was no evidence whether the bus operator did or did not slow down or come to a stop at the bus stop.

5. That on the evidence it can be found that the operator of the defendant's bus saw the plaintiff standing at the bus stop apparently waiting to board the bus and nevertheless operated the vehicle at the speed that was greater than was reasonable and proper in this thickly settled area and failed to observe the plaintiff walking on the highway and as a result thereof struck and caused the injuries complained of.

*Denied;* inasmuch as this request assumes facts not found by this Court."

The trial judge found among other things that the plaintiff last observed the bus when it was 20-30 feet distant from him, that he stepped between parked vehicles 5 to 6 feet into the highway; that "no further evidence was introduced by either party as to what occurred between the time the plaintiff last observed the bus and the moment plaintiff awoke at the hospital, such evidentiary hiatus being left to conjecture and surmise" and that on these findings and all the evidence the "plaintiff has failed to sustain the burden of proof that defendant was negligent by a preponderance of the credible evidence", and found for the defendant.

The report states that it contains all the evidence material to the questions reported.

The plaintiff claims to be aggrieved by the denial of his requests numbered 1, 2, 3 and 5 and by "the failure of the court to reflect in his findings and rulings the law as established."

The burden was on the plaintiff to prove by a fair preponderance of the evidence that his injuries were caused by the negligence of the defendant, or its servants or agents, and such negligence cannot be inferred merely from the happening of the accident. *Whalen v. Mutrie,* 247 Mass. 316, 318; *Baker v. Davis,* 299 Mass. 345, 348. *Tamagno v. Conley,* 322 Mass. 218.

The trial judge was not required to believe the testimony of the plaintiff who was the only party to testify regarding the accident. *Lydon v. Boston*

*El. Ry.*, 309 Mass. 205, 206; *O'Brien v. Harvard Restaurant & Liquor Co., Inc.* 310 Mass. 491, 493; *Perry v. Hanover*, 314 Mass. 167, 170.

The fifth request was properly refused since it assumes facts which were not found by the trial judge. *Cameron v. Buckley*, 299 Mass. 432, 434. Furthermore, as a request for findings of facts it was properly denied. *Dolham v. Peterson*, 297 Mass. 479, 481.

The fourth request was allowed, but it does not necessarily follow that the finding for the plaintiff was required as a result of its allowance. The court could have similarly allowed the second and third requests and yet on the facts found for the defendant as she did. *First Nat. Bank v. Sheridan*, 285 Mass. 338, 339; *Korb v. Albany Carpet Cl. Co.*, 301 Mass. 317, 318; *Marquis v. Messier*, 303 Mass. 553, 5g6; *Memishian v. Phipps*, 311 Mass. 521, 525.

It is true that ordinarily as stated in *Rummel v. Peters*, 314 Mass. 504, 517 "it has been settled since *Bresnick v. Heath*, 292 Mass. 293, 298, that in a case tried without a jury the party having the burden of proof is entitled on request to a ruling that the evidence warrants a finding that the burden has been sustained, if that is true . . . failure to give such a ruling on request is equivalent to, and implies, a ruling that as a matter of law such a finding cannot be made."

In the case at bar, however, the trial judge has denied the first three requests because she was not convinced that the plaintiff had sustained his burden of proof of defendant's negligence; therefore their immateriality has been demonstrated and there is no prejudicial error in their denial. *Perry v. Hanover*, 314 Mass. 167, 172.

*The report is to be dismissed.*

Philip A. Tracy, for the plaintiff.

Charles A. McCarron, Arthur J. Learson, for the defendant.