*Northern District*

No. 4814

# FABIAN BERSTEIN
## v.
# NICOLA ZAINO

*Brooks, J.* This is an action of contract in which the plaintiff seeks to recover on two counts. Count 1. For promise to pay $140.00 if the plaintiff vacated the premises of defendant on or before April 30, 1954. Count 2. To reimburse plaintiff for expenses incurred by him for improving the premises when he rented the premises. Defendant's answer was general denial. Further answering, the defendant said that he had an understanding with plaintiff that if the plaintiff remained three years as a tenant under low rent, plaintiff would be amply reimbursed for expenses incurred by him.

The evidence material to the issue before the court (*Moynihan, J.*) relates to Count 1 inasmuch as the court found in favor of the plaintiff on that count for $140.00 and no issue is made of the court's failure to find on Count 2.

There was considerable evidence as to the amount of money that the defendant and plaintiff put into the property, which is not material. When defendant's wife, according to plaintiff, stated that she wanted the apartment for her daughter, the plaintiff asked reimbursement for repairs, at which defendant expressed surprise. Plaintiff presented a list of improvements and repairs, most of which were for his own benefit. Plaintiff stated in a conversation between the parties on March 26, 1954, that he would vacate the premises if defendant would pay him $140.00.

Defendant's wife inquired of the plaintiff if plaintiff would vacate by April 30, 1954, if the defendant agreed to pay $140.00. Defendant's wife agreed and plaintiff asked defendant. Defendant said, "If that is what you want, all right. This is it." Plaintiff said, "All right, you are paying $140.00 and I am getting out by end of April." Plaintiff vacated April 30, 1954, without having received any written notice. Defendant refused to pay $140.00.

Defendant testified that he never agreed to pay plaintiff $140.00; that when plaintiff, his wife and defendant's wife were talking about the $140.00 he Defendant made the following requests for rulings: (defendant) walked out.

1. Upon all the evidence and the law, the court is warranted to find for the defendant.

2. There is no evidence that the defendant made a promise to the plaintiff that if the plaintiff vacated the premises the defendant would pay him $140.00.

3. That the court is warranted to find that the plaintiff was a tenant-at-will and there was no breach of contract by the defendant in asking the plaintiff to terminate his tenancy.

The court allowed requests 1 and 3 and denied request No. 2 and found for the plaintiff for $140.00.

The only issue in this case is as to the correctness of the court's ruling denying defendant's request No. 2. There was conflicting evidence on this point. Plaintiff testified that defendant's wife told him that she wanted the apartment and said that if he would vacate by April 30, 1954, the defendant and his wife would pay $140.00 and that the defendant assented to this.

The above certainly constitutes evidence that defendant "made a promise to the plaintiff that if the plaintiff vacated the premises, the defendant would pay him $140.00." Furthermore, there was consideration for this promise. The court's denial of ruling that there was no such evidence was obviously correct. Defendant's real complaint is that the court believed plaintiff's testimony rather than defendant's. This,

of course, he had a right to do. *Ashapa v. Reed*, 280 Mass. 514, 517; *McGaffee v. Mutrie Motor Trans. Co.*, 311 Mass. 730, 732; *Perry v. Hanover*, 314 Mass. 167, 170; *Daniel v. Jardin*, 320 Mass. 764.

*Report dismissed.*

Schlesinger & Manuelian, for the plaintiff.

John Finelli, for the defendant.