*Southern District*

**NORMAND M. CHARBONNEAU**
v.
**WALTER C. SAKWA**
and
**JEANNE L. SAKWA**

*Present:* Nash, P.J., Cox and Sgarzi, JJ.

Case tried to *Horrocks, J.*, in the Third District Court of Bristol. Civil Action No. 5911.

*Sgarzi, J.* This is an action of contract commenced by writ dated July 3, 1958. The declaration alleges in Count 1, the wilful breach of a written contract to build a house. Count 2 is for labor and materials furnished under a subsequent contract and Count 3 is for work and materials listed in an annexed bill of particulars. The defendants' answer is a general denial.

It appears that there was another action brought by these defendants against this plaintiff on July 14, 1958 being case No. 5891 in this court, involving the same general subject matter, which for reasons that do not appear was tried separately and before the trial of this action. This prior action resulted in a finding for the plaintiffs (the present defendants) in the sum of $3124.76. This finding was made on December 3, 1958, the case went to judgment and execution was duly issued. Both cases were heard by the same judge. While it does not appear when the prior case was heard, it does appear that the findings in both cases were made on the same day, namely December 3, 1958, the finding in this case being for the plaintiff in the sum of $3222.00.

*There was evidence that* the parties entered into a written contract dated September 9, 1957 by the terms of which the plaintiff, a contractor, agreed to build a house on property of the defendants on Raymond Street in the town of Fairhaven, for the sum of $7500.

During the construction, the plaintiff performed additional work based upon oral discussions of the parties and at some time before all of the work called for by the agreement was completed, the defendants requested the plaintiff to stop working.

The judge found that at this time the value of the additional work performed by the plaintiff was $3222.00 and found for him in this amount. He also found that the amount that would be required to complete the contract was $3124.76 and his finding contains the statement "Although the plaintiff is indebted to the defendants for $3124.76, this is the subject matter of a cross action on which no written report is required."

Both parties seasonably filed requests for rulings of law. The defendants' requests were based upon the proposition that if the plaintiff wilfully breached his contract or acted in bad faith he could recover nothing. The judge allowed this as a correct statement of law but found specifically that there was no wilful breach and that the plaintiff acted in good faith. *Lynch v. Culhane,* 237 Mass. 172; *Biggs v. Densmore,* 323 Mass. 106.

Whether the plaintiff committed a wilful breach of the contract or acted in good faith were questions of fact to be decided by the trial judge and his findings cannot be disturbed if support for them can be found in the evidence. *Hurley v. Ornsteen,* 311 Mass. 477; *Bresnick v. Heath,* 292 Mass. 293. Since there was sufficient evidence to warrant these

findings the treatment of the defendants' requests discloses no error.

■ The defendants also claim to be aggrieved by the granting of plaintiff's 1st., 3rd. and 4th. requests. The first sought a ruling that the evidence *warranted* a finding that the plaintiff substantially performed the contract. Since there was evidence to support such a finding there was no error in granting the request. *Strong v. Haverhill Electric Co.,* 299 Mass. 455; *Home Savings Bank v. Savransky,* 307 Mass. 601. The plaintiff's 3rd. and 4th. requests were that the plaintiff was entitled to recover the fair value of his services. The court allowed these requests in so far as they applied to the extra work done under the oral contracts but denied them as to the written contract referred to in Count 1. There was no error. The treatment of these requests was entirely consistent with the finding of the judge since this finding was based not upon the written contract declared on in Count 1 but upon the extra work declared on in Counts 2 & 3. *Cetrone v. Livoli,* 337 Mass. 607; *Reynolds v. Cole,* 272 Mass. 282.

The defendants in their brief also raise and argue the defense of *Res Judicata* although no mention of this doctrine is made in the report and no requests for rulings of law based upon this doctrine were addressed to the court at the conclusion of the trial.

■ The rule of *Res Judicata* is an effective bar to the beginning of a new action between the same parties for the litigation of issues which have already been decided, and

is a matter of affirmative defense which should be pleaded. *Hacker v. Beck,* 325 Mass. 594; *Biggio v. Magee,* 272 Mass. 185. However when the defense cannot be raised because the judgment which would constitute the bar was entered *after* the time for filing an answer has passed, it has been held that evidence of the prior judgment can be shown under a general denial. *Browne v. Moran,* 300 Mass. 107; *Foye v. Patch,* 132 Mass. 105; *Rogers v. Shea,* 219 Mass. 416.

In the present case not only was the defense not pleaded but no evidence of the prior judgment was introduced at the trial, and no requests for rulings of law founded upon this doctrine were made. The reason appears to be that while the prior case had been heard before the trial of the instant action, no finding had been made and there was at the time of the trial no judgment that could constitute a bar. It appears from an examination of the sequence of events that the judge who heard the cases had both of them under consideration at the same time and made his findings in both cases on the same day, namely December 3, 1958.

In these circumstances, although the cases were heard separately the result is the same as if they had been tried together and we hold that the doctrine of *Res Judicata* in so far as it is properly in issue here, has no application.

Since we find no prejudicial error, the report is ordered dismissed.

Sheldon Friedland, for the Plaintiff.

Edward T. Duggan, for the Defendant.