## *Southern District*

### ANTONE P. AMARAL

### v.

### ABEL and CATHERINE PIMENTAL

*Present*: Nash, C. J., Cox & Murphy, JJ.

Case tried to *Horrocks, J.* in the Third District Court of Bristol. No. 9199.

*Cox, J.* In this action the plaintiff seeks to recover from the defendants $2125.31 for labor and materials furnished.

There was a finding for the plaintiff in the sum of $554.00.

The case was reported for our determination primarily because the plaintiff claims to be aggrieved by the finding for him for less than the amount he claims. Specifically he contends that the judge erred in denying his request for ruling number 1 that

"The plaintiff is entitled to recover for the fair value of the labor and materials furnished to the defendants"

and in allowing the defendants' request for rulings number 2

"That the plaintiff willfully breached the agreement entered into between the defendants and the plaintiff"

and number 3

"That on all the evidence, the plaintiff is not entitled to recovery as set forth in the plaintiff's declaration."

After the finding, the plaintiff being of the opinion that the judge had acted inconsistently in denying his request number 1 while allowing the plaintiff's requests numbers 2, 3, 4, 5 and 6, filed a motion to correct the alleged inconsistency. Briefly, requests numbers 2 to 6, inclusive, related to an implied promise to compensate for labor and materials, that the only evidence relating to the fair value of his labor and materials came from the plaintiff, that there was no evidence of poor workmanship, and that what the parties understood and intended was to be ascertained as of the date of their agreement.

The judge allowed the plaintiff's motion to correct the inconsistency and stated: "When the court found that the plaintiff did willfully 'breach' the agreement, the court found that the plaintiff's conduct in seeking to be paid for work, labor and materials instead of on his contract was a 'breach' by the plaintiff. In other words, when the plaintiff sought over $4,500.00 instead of $2,954.00 the court felt that it was a breach of contract."

█ The motion to correct the alleged inconsistency was correct procedure. *Daniel v. Jardin et al,* 320 Mass. 764; *Biggs v. Densmore,* 323 Mass. 106; *E. A. Strout Realty Agency, Inc. v. Gargan,* 328 Mass. 524.

█ The plaintiff was not harmed by the alleged inconsistency because there was a finding for him and a willful breach in the performance of his contract would ordinarily have prevented any recovery whatever. *Lantz v. Chandler,* 340 Mass. 348; *Biggs v. Densmore,* 323 Mass. 106; *Russo v. Charles I. Hosmer, Inc.,* 312 Mass. 231. The judge's explanation of his allowance of the defendants' request number 2 and his finding for the plaintiff rendered it harmless.

The judge made special findings. He found that the plaintiff entered into an oral contract with the defendants to extend the defendants' kitchen for a price of $2,367.00 and that the work was done in a good and workmanlike manner. He also found that the plaintiff did extra work for which the fair and reasonable charges were $587.00.

Against the contract price of $2,367.00 and extras of $587.00, a total of $2,954.00, the judge found that the defendants had paid $2,400.00 leaving a balance of $554.00 which he found to be due the plaintiff.

█ The evidence was conflicting, but there was evidence which supports the findings. There was testimony that Amaral originally estimated the cost of extending the

kitchen as $4,000.00. He suggested that the defendants might save money by having the work done on a cost basis of $2.85 per hour for labor and the actual cost of materials, giving the defendants the benefit of discounts on the materials. Pimental testified that he met Amaral a few days later and that Amaral stated that he could do the job for $2,367.00, whereupon Pimental told Amaral to go ahead with the work. Amaral denied that he had ever given Pimental a figure of $2,367.00 and testified that Pimental had told him to go ahead on an hourly basis. Clearly, in that state of the evidence, the judge could find, as he did, that the extension of the kitchen was contracted for at a price of $2,367.00.

> "Where a contract is to be gathered from talk between the parties, and especially from talk on more than one occasion, the question what the contract was, if controverted, must usually be tried . . . as a question of fact."

*Hammond Coal Co., Inc. v. Lewis,* 248 Mass. 499, 501.

The judge having found that the extension of the kitchen was done under a contract for a definite sum, the contractor is held to the contract price even though he did the work at a loss. He is not entitled to extra compensation on that account. *New England Insulation Co. v. Beacon Construction Co. of Mass., Inc.,* 342 Mass. 407, 411.

The plaintiff is entitled to the fair value of the work which is additional to that

required by the contract. *Rogers v. Becker-Brainard Milling Machine Co.,* 211 Mass. 559, 561.

The plaintiff's position is that all the work was to be done on a cost basis, including the extra work, and that the total he claims exceeds substantially the amount the judge found to be due. Inferentially, therefore, he expresses discontent with the amount allowed for extras, but he makes no specific charge that the allowance for extras is unfair and not permitted by the evidence. It was an issue of fact. *Richmond v. Richmond,* 340 Mass. 367, 370.

It follows from what has been said that there was no error in the denial of the plaintiff's request number 1. It could not have been given in view of the finding that the plaintiff had agreed for a stated sum to extend the kitchen. For the same reason, the defendants' request number 3 was rightly allowed. The plaintiff was not found to be entitled to the amount he claimed in the declaration. The allowance of the defendants' request number 2 has become inconsequential by virtue of the explanation of the ruling by the judge and in any event the plaintiff was not prejudiced by the ruling.

*As we find no error prejudicial to the plaintiff an order is to be entered dismissing the report.*