*Southern District*

**CHARLES VIEIRA**

v.

**ANTHONY NUNES**

*Present*: Nash, C. J., Cox & Murphy, JJ.

Case tried to *Lee, J.* in the Third District Court of Bristol. No. 6243.

*Cox, J.* This is an action of contract to recover rent for the use of a barn and land situated on Bakerville Road in the Town of Dartmouth. The defendant filed what is described

as a declaration in set-off for repairs to the barn and the use of his tractor and operator three times for snow removal.

There was a finding for the plaintiff Vieira in the sum of $125.00 and for Vieira, defendant in set-off. The case was reported because the defendant Nunes claims to be aggrieved "by the inconsistent findings and failure to apply the correct law to evidence presented . . . . "

The defendant filed seven requesets for rulings, all of which the judge allowed. They are all predicated upon the assumption that the plaintiff's wife was acting as his agent and made a different arrangement for the renting of the barn than that which the plaintiff asserts.

It is the defendant's contention that he agreed with the plaintiff's wife, acting as her husband's agent, to lease the abandoned barn for a flat rental of $100.00 to house his cows during the winter. His further contention is that, at the request of the plaintiff's wife, still acting as her husband's agent, he repaired the barn in order to make it habitable for the cows and that he plowed snow from the premises for the benefit of the plaintiff's family. His charges for these alleged services are $117.80. The plaintiff's side of the story, and the one which the judge accepted, was that on November 1, 1961, the plaintiff personally agreed with the defendant for the use by the defendant of the barn and pasture

land for $10.00 weekly, of which sum $5.00 was to be paid to the plaintiff and $5.00 or "whatever terms the defendant could work out with the wife". Payment was to be made at the "end of the season". The land and barn were owned jointly by the plaintiff and his wife. The plaintiff and his wife were separated but not by any court order. The judge found with reference to the defendant's declaration in set-off that the defendant did not expect to be paid either by the plaintiff or his wife for repairs to the barn or for the use of the tractor. He found that what the defendant did was for the protection of his own livestock.

It being a question of fact, it was for the judge to find who made the contract and what the terms were. *Gerrish Dr'g Co. v. Bethlehem Shipb'd'g Corp.*, 247 Mass. 162, 168-169; *Bresky v. Rosenberg,* 256 Mass. 66, 74-75; *Hammond Coal Co., Inc. v. Lewis,* 248 Mass. 499, 501; *White Spot Construction Corp. v. Jet Spray Cooler, Inc.,* 344 Mass. 632.

In finding specially, as the judge did, that the plaintiff's version was the correct one, it was apparent that the defendant's requests for rulings, based as they were, on the unsustained assumption of agency, became inconsequential. They could have been denied. They did not require a finding for the defendant. The defendant was not prejudiced by their allowance. *Daniel v. Jardin et al,*

320 Mass. 764; *Gustafson v. Metropolitan Transit Authority,* 333 Mass. 769; *Fain v. Fitzhenry-Guptill Co.,* 335 Mass. 6.

The charge of inconsistency between the allowance of his requests and the finding against him, which the defendant now makes, is not here available to him. His only remedies were a motion to correct the ruling or a motion for a new trial. *Biggs v. Densmore,* 323 Mass. 106; *E. A. Strout Realty Agency, Inc. v. Gargan,* 328 Mass. 524. However, we fail to see any inconsistency on the judge's part. *Daniel v. Jardin et al,* 320 Mass. 764.

As we perceive no error of law prejudicial to the defendant, either as defendant or as plaintiff in set-off, *an order should be entered dismissing the report.*

Thomas & Thomas, of New Bedford, for the Plaintiff.

Joseph Lipsitt, of New Bedford, for the Defendant.