4

*Northern District*

No. 7247

DENNIS MAZZOLA

v.

GEORGE KURKJIAN
ELEANOR KURKJIAN
NEWTON NATIONAL BANK
SUFFOLK FRANKLIN SAVINGS BANK
Trustees

*Present:* Brooks, P.J., Connolly, Cowdrey, J.J.
Case tried to *Cullen, J.,* in the District Court of
Newton # 15112 of 1966.

## DECREE

BROOKS, P.J. *This petition to establish re-
port arises out of a building contract case which
was commenced December 16, 1965 by trustee
process,* Newton Savings Bank and Franklin
Savings Bank trustees, both answering "No
Funds." The ad damnum was $12,000. The
case was tried three times, the first time be-
fore Judge Yesley November 1, 1966 and on
seven subsequent days. The second trial was
before Judge Cavanagh December 8th, 11th and
15th of 1967. On August 2, 1968 Judge Cav-
anagh "discharged the case from further con-
sideration." On July 22, 1969 the case was as-
signed for trial before Judge Cullen who spent
seven days on the case.

September 9, 1969 the court found for plaintiff in the sum of $7488.

September 12, 1969 defendant filed a motion for a new trial.

September 15, 1969 defendant filed a motion to "correct inconsistent findings for failure of the trial justice to specify upon which count of the declaration the finding was made."

September 15, 1969 defendant filed a motion to extend time for filing a draft report.

September 16, 1969 defendant filed request for report.

September 16, 1969 defendant filed a motion to dismiss the report.

September 18, 1969 motions for new trial and to correct inconsistent findings were denied.

September 18, 1969 defendant's motion to extend time for filing a draft report was allowed.

September 19, 1969 defendant filed claim of report on denial of motion to dismiss draft report.

September 23, 1969 defendant filed request for report on denial of motions for new trial and to correct inconsistent findings.

October 11, 1969 plaintiff filed motion to dismiss draft report of defendant.

October 20, 1969 defendant's draft report filed.

November 13, 1969 plaintiff's motion to dismiss defendant's draft report denied.

November 13, 1969 plaintiff's motion to discharge trustees denied.

November 13, 1969 plaintiff filed request for report on court's denial of motions to dismiss defendant's draft report and to discharge trustees.

November 21, 1969 plaintiff filed draft report on court's denial of plaintiff's motion to dismiss defendant's draft report and to discharge trustees.

December 16, 1969 "thirty days having elapsed since final hearing on the draft report and the trial justice having neither allowed nor disallowed the claim for a report ... claim for report disallowed."

December 24, 1969 defendant's petition to establish report filed.

This action was stated to be for money due under a contract in writing. In addition to the first count in the declaration, there was allowed by amendment November 30, 1967 a second count for labor and materials. At no time did plaintiff file any bond.

It is argued that under c. 246, § 1 it is necessary to file a bond and therefore that there is a defect in the proceedings, and such defect goes to the jurisdiction of the court.

Chapter 246, § 1 provides so far as pertinent as follows:

"All personal actions, except tort for malicious prosecution, for slander or libel, or for assault and battery, and except re-

plevin, may be commenced by trustee process, and any person may be summoned as trustee of the defendant therein; but, except in the case of a writ which contains a statement that the action is upon a judgment or in contract for personal services or for goods sold and delivered or for money due under a contract in writing or in tort to recover damages on account of the operation of a motor vehicle not registered in the commonwealth, no writ the ad damnum of which is in excess of one thousand dollars shall be served upon any alleged trustee unless there shall have been filed by the plaintiff, if other than a city or town of the commonwealth named therein, in the court wherein such action is commenced a bond with a surety company authorized to do business in the commonwealth as surety, or with sureties approved by a justice, associate justice or special justice of such court, etc.''

A real question as to the jurisdiction of the trial court is raised by that court's denial of defendant's motion to dismiss the draft report. However, in view of the substantial amount involved in the suit, the time and effort put into the various trials by both sides, also of the fact that the issue of jurisdiction can be raised again if the petition to establish is allowed, we are of the opinion that it be allowed primarily to permit consideration of the trial court's

denial of defendant's motion to correct inconsistent findings and for further consideration of the jurisdictional question.

. The time and place to correct inconsistent findings is at the hearing of the motion for a new trial or a motion to correct the finding. *Cook* v. *Koslowski,* 351 Mass. 708. *Biggs* v. *Densmore,* 323 Mass. 106. *Godfrey* v. *Caswell,* 321 Mass. 161. It does not appear what, if any, consideration the trial court gave to the matter of inconsistency. It might well be that failure to give adequate consideration was the basis of the denial for the motion for a new trial.

The petition to establish is therefore allowed as per accompanying Decree and the report established as hereinafter set forth, as follows:

## REPORT

*This is an action for money due under a contract* in writing commenced by trustee process with an ad damnum of $12,000. The declaration was amended by adding a second count for labor and materials. Both counts were in the same amount and obviously for the same cause of action. Defendant filed a declaration in set-off. At no time did plaintiff file a bond.

The case was tried three times and before three different judges and consumed approximately seventeen days over a long period. Requests for rulings were filed which are not material at this time. The Court found for plaintiff in the sum of $7488, and for defendant in set-off.

Defendant filed a motion for a new trial which was denied, also a motion to correct inconsistent findings for failure of the trial justice to specify upon which count of the declaration the finding was made, which likewise was denied, also a motion to dismiss the action for lack of jurisdiction.

From the fact that defendants made little, if any, argument either orally or in their brief about a new trial, we consider a motion to that end waived. This leaves for hearing and argument the other two motions. We do not quite understand the motion ''to correct inconsistent findings for failure of the trial justice to specify upon which count of the declaration was made.'' We see no matter of inconsistency. As to the failure to specify with regard to the two counts, they are for the same cause of action and in the same amount. We fail to see therefore wherein failure to specify on which count the finding was made had any prejudicial effect so far as defendant is concerned. However, since the picture is somewhat obscure, we suggest that the denial of that motion be the subject of argument together with the issue of jurisdiction raised by plaintiff's motion to dismiss the report.

This report presents all the material relevant to the two issues to be argued at this time.