*Southern District*

## ROBERT C. IVERSON

### v.

## SAMUEL PETNOV, d/b/a

Argued: Sept. 7, 1972 - Decided: Nov. 13, 1972

*Present:* Murphy, P.J., Covett, J.

Case tried to *Rider, J.* in the District Court of Northern Norfolk, No. 63932.

**Murphy, P.J.** This is an action of contract to recover the sum of $1,230.00. The declaration was in two counts, one for work, labor and materials, the other on account annexed. The answer was a general denial and payment.

The court found for the plaintiff in the sum of $930.00.

We summarize the reported evidence briefly:

The defendant contracted with the plaintiff to connect a one-story Cape house owned by him to his existing store and to renovate the first floor of the house into additional retail floor space. The written proposal contained the following statement with reference to electric work: "Wiring will be included, as would be proper for a conventional store, any extra wiring for antennas etc. will be extra and all light fixtures will be supplied by the customer."

The parties were not in dispute over the performance of the work other than the electric wiring. The amount of the contract price plus extras was $12,730.00 and the payments made by the defendant totalled $11,500.00.

The plaintiff did all the work called for in his contract, except the electric wiring. He en-

gaged an electrician to do the wiring but he became ill and was unable to perform. The defendant then hired another licensed electrician one William O'Donnell, Jr., who did the wiring.

The plaintiff had included the amount of $300.00 for wiring in his written estimate.

O'Donnell's bill for labor and materials was in the amount of $1,278.79 and was paid by the defendant. Included in his bill were $279.64 for light fixtures, $140.38 for lighting in the cellar and unspecified amounts for circuit breakers, wiring a burner and wiring an outside sign. O'Donnell wired no antennas. The plaintiff and O'Donnell had no contact with each other until after the electrical work was completed and the plaintiff requested a copy of O'Donnell's bill to the defendant, but did not receive it.

At the close of the trial and before final arguments, the defendant made the following requests for rulings:

> "1. If the court finds that the plaintiff failed to fully perform the contract by his failure to do the electric wiring called for in the contract then he cannot recover on an account annexed or in *quantum meruit. Homer* v. *Shaw,* 177 Mass. 1.
>
> 2. If the court finds that the plaintiff departed form the terms of the contract by his failure to do the eletcric wiring then this is such a substantial departure from the terms of the contract as to bar

all recovery by the plaintiff. *Russo* v. *Charles I. Hosmer, Inc.*, 312 Mass. 231. *Smedley* v. *Walden*, 246 Mass. 393. *Douglas* v. *Lowell*, 194 Mass. 268.

3. If the court finds that an express contract existed between the parties which has not been substantially performed by the plaintiff due to his failure to perform the electric wiring, the plaintiff cannot recover under any implied contract covering the same subject. *Burke* v. *Coyne*, 188 Mass. 401.

4. If the court finds that the plaintiff substantially performed the contract in good faith without completing the same, the plaintiff's damages are limited to amount of the contract less the sum of defendant's payments and deductions necessary to complete the work. *Hooper* v. *Cuneo*, 227 Mass. 37. *Clark* v. *Russell*, 110 Mass. 133.

5. If the court finds that the plaintiff departed from the terms of the contract by failure to perform the electric work, he cannot recover on the contract even though the defendant benefited by such departure."

The court acted on the defendant's requests as follows:

1. Denied.
2. Granted, but I do not so find.
3. Granted, but I do not so find.

4. Granted, but see findings of fact.

5. Granted, but I do not so find.

The court found the following facts:

"Plaintiff submitted to defendant a written estimate dated July 23, 1968, in the amount of $11,400.00 to build a unit 18 feet long to connect defendant's TV and Appliance Store to a Cape-type house, and to substantially remodel the interior of the first floor of the house for use as part of the store. The remodeling was to include a stairway to the second floor and to the cellar of the house. Openings were cut in the foundation walls of both old buildings to allow access. A concrete floor was to be poured and a door unit to be installed in the old store. Among the exclusions from the estimate were the plumbing and heating. The written estimate included the following paragraph: 'Wiring will be included, as would be proper for a conventional store, any extra wiring for antennas, etc. will be extra, and all light fixtures will be supplied by customer.' The defendant orally agreed to the terms and provisions of the estimate.

"During the course of construction and remodeling, plaintiff supplied the labor and materials for the following items which were requested by the defendant and which I find were not included in the original estimate: 'Strip and reshingle roof of house — $480; extend and trim off front overhang — $250; reinforce cellar framing to support — $300; and plyscore

floors — $300.' These charges were fair and reasonable and added to the original estimate figure amount to a total of $12,730.00. The defendant has made various payments to the plaintiff totalling $11,500.00. The plaintiff completed the new construction and remodeling in a workmanlike manner with the exception of the wiring referred to above. The plaintiff engaged an electrician to do the wiring, but he became ill and did not perform. Voluntarily and with the acquiescence of the plaintiff, the defendant engaged William J. O'Donnell, Jr. to do the electrical work and paid his bill of $1,278.79. O'Donnell had previously done other electrical work for the defendant. I find that O'Donnell performed certain labor and supplied certain materials that were not included in the original estimate. These included supplying and installation of fixtures, tubes and lamps, lighting and circuit breaker panel in the cellar of the house, wiring of a burner, and wiring of an outside sign. A fair and reasonable charge for the wiring included in the estimate is $300.00.

"The original contract was orally modified by the parties with respect to the extras and the wiring and that the plaintiff is entitled to recover an amount composed of the contract price less a deduction for work included in the contract not performed, plus compensation for extra work."

The defendant claiming to be aggrieved by

the failure of the court to grant his request for ruling number 1, and by the failure of the court to apply the rules of law as set forth in allowed rulings numbers 2, 3, 4 and 5 to the facts as found at the trial based upon the evidence, the trial justice reported the same to the Appellate Division for determination.

The findings of the trial judge amply justify the denial of request number 1. The judge found that the original estimate and/or proposal was orally modified as to the wiring (which is the subject matter of this request) and an electrician was engaged by the defendant to finish this work with the acquiescence of the plaintiff, when the electrician who had been engaged by the plaintiff became ill.

The trial judge found that all charges made by the plaintiff were fair and reasonable and that all the work was completed and done in a workmanlike manner on the original estimate and the extras, except for the wiring; and as to that item, he specifically found that the electrician, hired by the defendant, did certain labor and supplied certain materials that were not included in the original estimate, such as fixtures, tubes, lamps, and also a lighting and circuit breaker panel in the cellar of the house and the wiring of a burner and outside sign.

The judge found $300.00 to be a fair and reasonable charge for the wiring included in the estimate, but not done, and allowed a credit

for this amount in arriving at this decision.

The allowance of requests for rulings numbers 2, 3, 4 and 5 was proper in view of the detailed findings made by the trial judge. These requests are all based on findings which the judge did not make and was not necessarily obliged to make on the reported evidence before us.

■■■ The allowance of requests for rulings founded on correct statements of law does not require findings of fact in favor of the requester when determinate facts are found adversely to him. *Gustafson* v. *MTA*, 333 Mass. 769, 9 Mass. App. Dec. 58. In other words, allowance of requests does not so bind the judge to find in favor of the requester that he cannot find the facts against him. *First National Bank* v. *Sheridan*, 285 Mass. 338, 339. *Marquis* v. *Messier*, 303 Mass. 553, 556. *Memishian* v. *Phipps*, 311 Mass. 521, 525. And he may grant requests applicable to certain facts and then find that those facts did not exist. *Charbonneau* v. *Sakwa*, 19 Mass. App. Dec. 17.

■■■. The allowance of a request for a ruling, which could have been denied, becomes inconsequential when the judge's findings of subsidiary facts adequately support his general finding. *Viera* v. *Nunes*, 32 Mass. App. Dec. 189. *Daniel* v. *Jardin, et al*, 320 Mass. 764. *Gustafson* v. *Metropolitan Transit Authority*, cited supra. *Fain* v. *Fitzhenry-Guptill Co.*, 335 Mass. 6.

There being no prejudicial error, an order should be entered **dismissing the report. So ordered.**

GEORGE E. WINBOURNE
  for Plaintiff
ROBERT S. PHILLIPS of Milford
  for Defendant