Lenhoff, J.
This civil action, originally commenced in the Superior Court, was transferred to Milford Division of the District Court Department pursuant to G.L.c.231, § 102C. Said action sounds in tort and alleges in the Plaintiffs’ complaint negligence; intentional infliction of emotional distress; breach of warranty; a violation of G.L.c.214, § IB; an invasion of privacy on the part of Plaintiff, Nancy Johnson; plus an allegation of loss of consortium by the Plaintiff, Richard Johnson.
The Defendant, Two Guys-Mass., Inc. in substance, denied the material allegations set forth in said complaint.
The Trial Court found for the Plaintiff, Nancy Johnson on Counts 1 (negligence). II (intentional infliction of emotional distress), IV (invasion of privacy) and V (failure to refrain from unreasonable, obstrusive and unwarranted interference with privacy and physical solitude), each in the sum of $15,000.00 but limited to only one recovery; and, for the Plaintiff, Richard Johnson, in the sum of $5,000.00 on Count VI (loss of consortium). Count III (breach of warranty) was dismissed.
After trial and before final arguments, the Defendant filed the following requests for rulings; (Following each request, the Trial Court’s disposition thereof is set forth and is underscored.)
1. The evidence does not warrant a finding for the Plaintiff, in Count I. Allowed but see subsidiary findings of fact.
2. The evidence does not warrant a finding that the Plaintiff, Nancy Johnson, was observed by a male as she undressed as alleged in Count I. Allowed but see subsidiary findings of fact.
3. The evidence does not warrant a finding that the Defendant’s conduct was extreme and beyond the bounds of decency as alleged in Count I. Allowed but see subsidiary findings of fact.
4. The evidence does not warrant a finding that the Defendant’s employees intended to inflict emotional distress upon the Plaintiff, Nancy Johnson, as alleged in Count II. Allowed but see subsidiary findings of fact.
5. The evidence does not warrant a finding that there was any warranty extended to the Plaintiff, Nancy Johnson, as alleged in Count m. Allowed (Count III is dismissed).
6. The evidence does not warrant a finding that the Defendant committed a trespass against the Plaintiff, NanCy Johnson, as alleged in Count ID. 'Allowed.
*238 7. The evidence does not warrant a finding that the Defendant violated G.L.c. 214, § IB, as alleged in Count IV. Allowed but see subsidiary findings of fact.
8. The evidence does not warrant a finding that the Defendant unreasonably interfered with the Plaintiff, Nancy Johnson’s privacy. Allowed but see subsidiary findings of fact.
9. The evidence does not warrant a finding that the Defendant substantially interfered with the Plaintiff, Nancy Johnson’s privacy. Allowed but see subsidiary findings of fact.
10. The evidence does not warrant a finding that the Defendant seriously interfered with the Plaintiff’s privacy. Allowed but see subsidiary findings of fact.
11. The evidence does not warrant a finding that the district court has jurisdiction to award damages. Denied.
12. The evidence does not warrant a finding for the Plaintiff, Richard Johnson. Allowed but see subsidiary findings of fact.
13. The evidence does not warrant a finding that the actions for the Defendant’s employees were the proximate cause of the Plaintiff, Nancy Johnson’s damage as alleged. Allowed but see subsidiary findings of fact.
The Defendant took necessary and appropriate steps to have this matter reported to the Appellate Division for determination, claiming to be aggrieved by reason of a favorable finding for each Plaintiff that is inconsistent with the allowance of the Defendant’s requests for rulings and by the denial of request numbered 11 above.
(Although the Defendant is the appellant herein and the Plaintiffs the appellees, these parties will be referred to hereinafter as Plaintiffs and Defendant in order to avoid any possible confusion.)
The Trial Court found subsidiary findings of fact that we summarize[2] as follows:
The Plaintiffs are husband and wife, both residing in this Commonwealth. The Defendant is a Massachusetts corporation having its principal place of business in Milford in Worcester County of this state.
On August 28,1976, the female Plaintiff went to the Defendant’s store to purchase or make a preliminary selection of clothing to verify the appropriateness of fit before making a final purchase. Because of the lack of proper signs, the female Plaintiff used the men’s ‘ ‘changing room’ ’. While in such room, she tried on various items of clothing; and, in the course of this activity, she exposed her body during normal disrobing procedures.
Unknown to the female Plaintiff, the Defendant had installed “one-way” mirrors in the store’s “changing room”. At all relevant times, duly authorized agents of the Defendant, including male employees, were stationed behind and charged with monitoring these “one-way” mirrors. The female Plaintiff was observed by the Defendant’ s agent in the trying on of clothing and in exposing her body in the process. The use of the “one-way” mirror and the monitoring thereof was an avowed attempt to cut down widespread shoplifting that was a pervasive problem to the Defendant. There was testimony indicating that the “changing room” was a favored locus for shoplifters, and the “one-way” mirror technique was adopted as an aggressive measure to fight back against the concededly costly cancer of pilferage which was eroding the economic health of the Defendant and its retail profits.
There was also evidence that there were generalized signs in the store aimed at alerting customers that the Defendant was actively engaged in counter-shopliftng activities. Said signs were highly generalized and gave no hint at the use of ‘ ‘changing room one-way’ ’ mirrors with customers being monitored during disrobing normally attendant to trying on items of personal clothing.
*239 The female Plaintiff became aware of the Defendant’s monitoring activities and that she had unsuspectedly exposed her body to male eyes. By reason of such activities by the Defendant’s employees, the female Plaintiff who possessed a preexisting psychic condition thereby had such condition exacerbated and she suffered a traumatic reaction, manifested by demonstrable and documented instances of embarrassment, humiliation and conspicuous, continuing mental anguish.
Because of the maritial bond between the Plaintiffs, as a result of the aforestated injuries to the wife, the husband Plaintiff was deprived of the comfort, aid, assistance and activities naturally attendant upon an unimpeded marriage; and he suffered greatly from this condition of deprivation.
After finding the above found facts, the Trial Justice further found and concluded, as follows:-
That the Defendant’s activities were well outside the parameters of accepted conduct, whatever the shoplifting problems the Defendant believed necessary to counter by affirmative and aggressive measures; that the conduct of the Defendant was indeed extreme and outrageous beyond the bounds of decency as charged in Count 1 of the Plaintiffs’ complaint; that, as alledged in Count II of said complaint, the Defendant either knew or should have known that the course of conduct in which it was engaged was calculated to inflict intense emotional distress upon unsuspecting customers once the clandestine surveillance techniques came to light and it was realized by the customers that they had been unknowingly observed in various stages of undress and intimacy; that the Defendant’s activities contravened relevant provisions of G.L.c. 214, § IB as alleged in Count IV of the Plaintiffs’ complaint, as well as constituting invasions of their commonly accepted rights of privacy defined by settled common law principles alleged in Count V of said complaint; and, finally, that there was an illicit and unwarranted infringement of the customary consortium constituents implicit in the marital status as outlined in said complaint’s Count VI.
We first direct our attention to the only request denied. Same involved jurisdiction the lack of which would be dispositive of the instant appeal. Said request numbered 11 is as follows: ‘ ‘The evidence does not warrant a finding that the district court has jurisdiction to award damages.”
Regardless of the fact that no preliminary pleading was presented by the appellant to raise the issue attacking jurisdiction, this Appellate Division, as would any other court, has a duty to consider jurisdictional questions on its own motion. Kisley v. Kisley, 322 Mass. 676, 677 (1948); Goes v. Feldman, 1979 Mass. App. Ct. Adv. Sh. 1456, 1457.
So far as is material, G.L.c. 218, § 19 reads as follows:-
.“...district courts shall have original jurisdiction concurrent with the superior court of all civil actions in which money damages are sought....”
G.L.c. 214, § IB reads as follows:-
“A person shall have a right against unreasonable, substantial or serious interference with his privacy. The superior court shall have jurisdiction in equity to enforce such right and in connection therewith to award damages. ’ ’
The first sentence of G.L.c. 214, § IB, supra, indicates that there now is not any question that our General Court has established a “right of privacy” in this Commonwealth. The second sentence of said G.L.c. 214, § IB, supra, creates jurisdiction in the Superior Court to prevent another from unreasonably, substantially or seriously interfering with one’s privacy; and, in connection therewith, to award damages. The verbiage “...and in connection therewith to award damages”, is not construed to be words of restriction and limitation, only allowing the awarding of damages when equitable relief is sought to enforce a right of privacy, but such language merely indicates that a party may obtain damges in combination therewith. Logic dictates that if another’s actions or activities have unreasonably, substantially or seriously interfered with one’s right of *240 privacy and such actions or activities no longer are continuing and have come to an end, there would be no need to seek relief in equity to obtain a justiciable result. In such circumstances, the action that should and would be in order is one for monetary damgages for the committed wrong. In this connection, G.L.c.218, § 19, supra, is applicable, vesting in the District Court jurisdiction thereof.
Further, in our view, recovery is available when there is a substantial, serious, or indecent intrusion into the private life of another. Frick v. Boyd, 350 Mass. 259, 264 (1966). These sentiments were stated again in Matter of Spring, 1980 Mass. Adv. Sh. 1209, 1214, 405 N.E. 2nd 115, 119 (1980), where the Court said:-
A person has a strong interest in being free from nonconsensual invasion of his bodily integrity, and a constitutional right of privacy that may be asserted to prevent unwanted infringements of bodily integrity.. .In striking that balance, account is to be taken of the prognosis and of the magnitude of the proposed invasion.
To buttress our view that recovery is available for subtantial, serious or indecent intrusion into the private life of another, we look to two recent Supreme Judicial Court decisions that are most enlightening.
In Tropeano v. Atlantic Monthly Co., 1980 Mass. Adv. Sh. 367, at page 370, we find the following footnote regarding G.L.c. 214, § 1B:-
No allegation of a violation of this statute appears in the plaintiffs complaint and thus no such issue is before us. The complaint does contain a cryptic reference to ‘a violation of plaintiffs right of privacy’ but since no arguments were made either in the briefs or orally concerning any non-statutory right of individuals to recover monetary damages for an invasion of privacy, we do not today address the question whether any such rights do or should exist in this Commonwealth. See Frich v. Boyd, 350 Mass. 259, 264 (1966); Commonwealth v. Wiseman, 356 Mass. 351, 258 (1969).”
Although the foregoing footnote indicates uncertainty, we believe the matter is now settled that there now exists in this Commonwealth a right to recover monetary damages for an invasion of privacy.
In the case of Haggerty v. Globe Newspaper Company, 1981 Mass. Adv. Sh. 969 which concerned a civil action commenced in the Superior Court, the Supreme Judicial Court reversed an allowance of a motion to dismiss. At page 971, the Court said:-
In evaluating the judge’s action we apply the settled law that ‘a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set facts in support of his claim which would entitle him to relief.’ Conley v. Gibson, 355 N.S. 41, 45-46 (1957), quoted with approval and adopted in Nader v. Citron, 372 Mass. 96, 98 (1977); Longever v.Revere Copper and Brass, Inc., Mass., n. 1 (1980).a The instant complaint expressly bids for recognition of sufficient facts to make out a violation of the plaintiff’s statutory right of privacy under G.L.c. 214, §' IB. It just barely succeeds.
Further, on pages 971 and 972, the Court stated:-
.. .It is true, as the defendant argues, that this court as well as the Appeals Court has spoken of section IB in earlier cases, but we have not yet been confronted with the peculiarities of the instant case.
The indulgent .reading which we are obliged to give the complaint [see Whitinsville Plaza Inc. v. Kolseas Mass. (1979)b Charbonnier v. Amico, 367 Mass. 146, 152-153 (1975)] leads us to conclude that the *241 plaintiff has alleged a set of facts for which some form of relief may be appropriate.
Jessie v. Boynton, 372 Mass. 293, 302-303 (1977).
Consequently, the Superior Court’s remand order as per G.L.c. 231, § 102C was proper and the Trial Justice’s denial of Request No. 11 was correct.
There remains for our consideration the remaining requests of the Appellant, all of which were allowed by the Trial Justice. Said requests, having been worded in the negative (“does not warrant a finding) results in an apparent inconsistency with the decision of the Trial Court that was favorable to the Plaintiffs.
The proper course to pursue in circumstances such as exist in these proceedings is to file a motion seasonably in and with the Trial Court either to correct such inconsistencies or for a new trial. Here, neither motion was filed and the failure to take such action could be adversely decisive against the Defendant. Cook v. Kozlowski, etal., 351 Mass. 697 (1967); Vieira v. Balsamo, 328 Mass. 37, 39 (1951); Biggs v. Densmore, 323 Mass. 106, 108 and 109 (1948); Richmond Realty Trust v. Linehan, Inc., 59 Mass. App. Dec. 157, 162 (1977). Regardless of the foregoing, we take this opportunity to review the allowed requests that are contrary to and inconsistent with the decision here rendered by the Trial Court to determine if there be any reversible error.
In cases involving requests that were denied where the general finding was inconsistent therewith, if no findings of fact are made to render the denial immaterial; then, in that event, such denial is error. Di Gesse v. Columbia Pontiac Co., 369 Mass. 99, 102 (1975); Massachusetts Bay Transportation Authority, 351 Mass. 360 (1966); Bresnick v. Heath, 292 Mass. 293, 298-299 (1935). In like manner, where requests are allowed which are not consistent with the ultimate finding, the allowance thereof would be error unless the Trial Justice, by clear and definite findings, demonstrates that same are inconsequential, inapplicable or immaterial because of the findings made. Hoffman v. Chelsea, 315 Mass. 54, 56-57 (1943); Home Savings Bank v. Savransky, 307 Mass. 601, 603-604 (1940); Iverson v. Petnov, 50 Mass. App. Dec. 68, 75 (1972).
A thorough examination of the Trial Court’s findings hereinbefore summarized reveals that the subsidiary facts found adequately support the decision rendered. Therefore, the allowance of the Defendant’s requests became inconsequential, inapplicable and immaterial.
There being no prejudicial error found, the judgment is affirmed and the report is hereby dismissed.

 Language employed in large part is that of Trial Justice.

 Mass. Adv. Sh. (1980) 1767, 1768

 Mass. Adv. Sh. (1979) 1262, 1266-1267