Edwin R. Lynde, J.
In this action by plaintiff (hereafter designated as FNB) upon a note made by the defendant, Berlanti Construction Company, Inc. (hereafter designated as Construction), plaintiff moves for summary judgment.
From an examination of the papers, it appears that a note made by Construction was given as collateral security for a loan made by FNB to one Feldman. The note was indorsed by Louis Berlanti, Angelina Berlanti and Feldman prior to delivery to the bank. Upon its due date, this note remaining unpaid, a renewal note, the subject of this action, was made by the same maker and containing the same indorsements. Deducting from the face amount of this note the sum of $50,000 previously paid, the complaint seeks the balance of $175,000, with interest on such unpaid balance from the date of the note to May 17, 1963, the due date thereof, amounting to $26,233.33, with interest from such date. In addition thereto, the plaintiff seeks the costs of collection, including a reasonable attorney’s fee, as provided by the note.
It is the contention of the opposing defendant that the note is usurious on its face, that the circumstances surrounding its execution are not within the personal knowledge of the person whose affidavit is offered in opposition to the motion.
The claim of usury is raised because the note of Construction is on a form having the words “St. Petersburg, Florida” imprinted thereon; at the time of making, both Feldman and Construction had offices in Florida; it provides for payment of interest from a time prior to its date; the interest so calculated would exceed the legal rate permitted by the State of Florida. The maker of the note is a New York corporation and the note was payable at White Plains, N. Y. In meeting the argument of usury, the plaintiff contends that the interest provision on the face of the note does not invalidate it and that, in any event, the note is to be construed under the laws of the State of New York and the defense is therefore not available to Construction, the corporate defendant.
*841 The plaintiff’s position is fortified by the existence of two legal presumptions, neither of which the defendant has made any effort to overcome. The first of these is that where there is a question as to which law governs when applied to a contractual situation involving performance in more than one jurisdiction, it is presumed that the parties intend a contract to be governed by the law of the place where valid rather than by the law of the place where invalid (15 C. J. S., Conflict of Laws, § 11). No claim is made here that the parties intended to circumvent any usury statute or to do anything other than enter into a valid contract. Since the note was payable in New York and since the transaction was completely lawful under the laws of New York, the defendant is under an obligation to present to the court some facts which would overcome the presumption. The obligation has not been met.
The second presumption would apply if it were determined that the note was governed by Florida law. A contract for the payment of money bearing interest from a time prior to its date is not assumed to be usurious. There must be a showing of facts contradicting the presumption of validity (91 C. J. S., Usury, § 32).
Louis Berlanti, the person who signed the note and handled the transactions in behalf of defendant, Construction, is dead. If there were any substantial question raised by the opposing affidavits, this court would be obliged to deny the application upon the ground that where knowledge of the facts lies exclusively within the ken of the moving party, summary judgment will be denied (Overseas Reliance Tours & Travel Serv. v. Sarne Co., 17 A D 2d 578; De France v. Oestrike, 8 A D 2d 735; Cosimo v. Hollenbeck, 19 A D 2d 921; Kramer v. Harris, 9 A D 2d 282).
Here, we have no such situation. The answer does not deny the allegations upon the ground that the defendant lacks the necessary knowledge or information sufficient to form a belief. It is an equivocal denial on information and belief. The opposing affidavits should at least show the basis for such information and belief. The defendant’s stark reliance on the face of the note is insufficient (CPLE 3212, subd. [b]).
The fact that Feldman might be liable over to Construction for contribution, in and of itself, is no defense to this application. His presence or absence in this action cannot deprive • plaintiff of its remedy (American Sur. Co. v. Manufacturers Trust Co., 3 Misc 2d 363, affd. 3 A D 2d 831; Nathan v. Zierler, 223 App. Div. 355). Construction must look to another forum for recourse, if it may exist, against Feldman.
*842 The motion is, therefore, granted. The action is severed as to the defendants, other than Construction.
Settle order on notice providing for an assessment of damages since reasonable attorney’s fees may not be awarded without proof.