*Western District*

## No. 145

## BLACKSTONE VALLEY NATIONAL BANK

### v.

## ROY L. WRIGHT

Argued: April 11, 1975. Decided: August 22, 1975.

Case tried to *McCooey, J.,* in the Second District Court of Southern Worcester. Number: 9619.

Present: Gould, P.J., Constantino, Walsh, J.J.

**Constantino, J.** This is an action of contract to recover the net amount allegedly due on a promissory note in the sum of $7,944.60 plus a "reasonable attorney's fee" of $1,191.54 plus interest. The answer was a general denial and plea of payment.

The court found for the plaintiff in the amount of $7,793.60 balance due on the note, an attorney's fee of 15% of balance which amounted to $1,169.04 and

interest from date of the writ to date of judgment of $155.86 amounting to a total of $9,118.50.

*At the trial there was evidence tending to show that* the net balance was $7,793.60; and that the defendant duly executed a promissory note providing that if said note became overdue, the plaintiff could charge a $5.00 delinquency charge plus reasonable costs of collection, including reasonable attorney's fees. At the close of the evidence and before the final arguments, the defendant made the following requests for rulings:

1. The evidence does not warrant a finding that attorney's fee of $1,191.50 is reasonable.

2. The evidence does not warrant a finding that the balance on the note in question is $7,943.60.

3. In order to recover reasonable attorney's fees, the plaintiff must show by a fair preponderance of the evidence that the attorney's fee is reasonable.

The court did not act upon the defendant's requests for rulings.

The court stated in his finding that no evidence was introduced either as to what the reasonable costs of collection were or as to what would be the scope, extent and duration of legal services requisite to consummate said collection.

The court found the following, which he entitled "factual findings together with application of the law deemed apt and pertinent thereto":

1. I find that court may properly decide the amount of reasonable attorney's fees based upon said court's observations of the docketed pleadings prepared by counsel plus the services actually rendered by said attorney in said court's presence during the course of the trial.

**2.** I find that said court is warranted in making a finding as to what is a reasonable attorney's fee even in the absence of specific evidence of the fair value of the services rendered by counsel based not only upon its observations as delineated in No. 1 ante, but also founded upon its logical inferences deducible therefrom;

**3.** I find that a charge of fifteen (15%) per cent of $7,793.60 or $1,191.54 for preparation of the writ and declaration, forwarding said writ to a sheriff for services, filing the declaration with return of service and subsequent preparation of an Affidavit of No Defense and Motion for Judgment—plus costs, charges and filing fees incidental thereto—would constitute an exhorbitant, excessive, unfair and unreasonable attorney's fee.

**4.** I find that the services of counsel usually do not terminate upon procurement of judgment and the issuance of execution in said subject case;

**5.** I find that resort shall have to be made to Supplementary Proceedings involving prolonged, arduous, persistent, searching inquiry into the judgment debtor's available assets and ability to pay.

**6.** I find that the most recent Schedule of Collections taken from the Massachusetts Bar Association's "Guide to Legal Fees and Services", as to claims where neither liability nor amount is in dispute are as follows:

   I.  Commercial Collections:

     (d)  Collections over $300.00

        1.  First $2,000.00 _____ 18%

        2.  Over $2,000.00 _____ 13%

   II.  Retail Collections
     c.  Surplus over $750.00 _____ 25%

7. Based upon the foregoing, I find and rule that said plaintiff attorney's fee of fifteen (15%) per cent of $7,793.60, which was the amount of the balance due as of the date of said trial on November 27, 1974, is a fair and reasonable attorney's fee and is actually less than the above-scheduled permissible, approved, and authorized collection fees.

The sole issue before this Division is whether in an action on a promissory note which provides merely for the payment of a reasonable attorney's fee in the event of recovery, evidence must be introduced from which the reasonableness of the fee may be determined. Though we find no Massachusetts case directly on this point, we feel evidence was essential to support any finding that the attorney's fee allowed was reasonable. The trial court's view that it may rely on observations of docketed pleadings and services of the attorney in its presence during trial with permissible inferences to be drawn aided by its background and experience may have some support. See *Trice v. Hewgley*, 53 Tenn. App. 259, 3 81 SW589 (1964); *Hood Motor Co. v. Easley*, 165 So. 2d 688 (1964 La. App). We find however that the greater weight of authority favors the view that the plaintiff must introduce evidence from which the reasonableness of the fee may be determined. *Boyette v. Reliable Finance Co.*, (1966 Fla. App.) 184 So. 2d 200; *Bradford v. Sturman*, 86 Idaho 178 (1963); *Franklin Nat. Bank v. Feldman*, 249 NYS 2d 181 and collection of cases in annotation 18 A.L.R. 3rd 733. Where reasonableness of fee is an issue the most acceptable determination thereof would be one made from evidence produced in court and subjected to scrutiny, consideration of relevant factors, among them, amount in controversy, the number and seriousness of the questions involved, the difficulties encountered in prosecuting the action as well as time and labor employed and the prices usually charged for similar services by other attorneys in the same neighborhood. *Cummings v. National Shawmut Bank*, 284

Mass. 563, 569 (1933); *McLaughlin v. Old Colony Trust Co.,* 313 Mass. 329 (1943), *Winslow Gas Co. v. Plost,* 69 Ind. App. 611, 122 NE 594 (1919).

The record does not show that the Massachusetts Bar Association "Guide to Legal Fees and Services" had been introduced in evidence. The need of legal services to be performed after judgment and execution and the extent and nature of such services were not in evidence so that any award based on them could only be speculative and uncertain.

The plaintiff relies on the case of *American Service and Supply Co., Inc. v. Raby,* 348 Mass. 720 (1965) in which it was held it was error to deny a motion for counsel fees on the ground no testimony was offered. We consider that case distinguishable from the instant case since the note in that case contained an agreement "to pay all costs and expenses of collection including attorney's fees of 15% of the amount unpaid." The court cited the case of *Leventhal v. Krinsky,* 325 Mass. 336 (1950) quoting: "The parties to a promissory note may contract for the payment of costs of collection. They may contract that in such event the holder may recover a reasonable amount for attorney's fees or an amount to be fixed by a definite per cent of the principal and interest then due on the note". The court said it had adopted what it described as a prevailing view that "a provision fixing the attorney's fee as a certain per cent of the principal or of the principal and interest . . . [is] good, at least unless it clearly appears that it is so unconscionable and oppressive as to amount to a penalty or that it is a device to circumvent the usury statutes.

The right to recover attorney's fees in all such cases is based on contract. In the *American Service* case the amount recoverable was fixed at "15% of the amount unpaid." leading to a sum ascertainable by simple calculation. In the instant case however the amount

was stipulated at "reasonable attorney's fees," which requires supportive evidence to justify the figure to be awarded.

By failing to act on the defendant's requests for rulings the trial justice in effect denied all three of them. *Wolfe v. Laundre*, 327 Mass. 47, 49 (1951) and cases cited. There was error in the denial of requests numbered 1 and 3. There was no prejudicial error in the denial of request number 2. There being error in the award of attorney's fees in the amount of $1,169.04 that finding is to be vacated and judgment entered for the plaintiff in the amount of $7,793.60 plus interest. **So Ordered.**