Welsh, J.
This is a civil action in which damages are sought by reason of the alleged conversion of merchandise and fixtures, the loss of a liquor license occasioned by the wrongful eviction of the plaintiff by the defendant, and for loss of profits resulting from said wrongful eviction. The claim for loss of expected profits was waived at trial.
The answer (presumably) denied that there was a wrongful eviction and averred that the defendant had abandoned the premises in question thus obviating the necessity for eviction proceedings.
There was a counterclaim filed which was dismissed after trial. [2] Appellate review was not sought in regard to the dismissal of the counterclaim.
The defendant is deemed to have admitted the following facts by virtue of his responses to Admissions under Rule 36 (a), Mass. R. C.iv. p.;
The plaintiff, Francisco Damaso, had been a tenant at will for more than five years of a store on Rodman Street in the City of Fall River, owned by the defendant. The premises were used to conduct the business of a retail package store. The rent was $80.00 per week. The defendant changed the lock on the door without the plaintiffs prior knowledge or consent and failed to give a key to the newly installed lock to the plaintiff. At the time the locks were changed, the plaintiff had trade fixtures and a stock of wines, liquors, cigarettes and soda. The defendant removed the stock. Fie gave no notice of said removal. The plaintiff did not consent. The items .removed have not been returned to plaintiff. Devendant then rented the premises to persons other than the plaintiff. No notice to quit was ever given to the plaintiff and no summary process action was ever instituted.
At the trial, there was evidence tending to show the following:
Troy City Liquors, Inc. was organized as a Massachusetts Corporation on December 8, 1972 and conducted a package store business at the premises in question under the license to do so issued by the Licensing Board of the City of Fail River. The corporation was dissolved on May 15, 1978 by reason of non-payment of taxes and the business was carried on by the plaintiff using the trade name of Troy City Liquors, Inc. and K. Liquors. According to the plaintiff, the rent was paid with regularity until Thanksgiving *211 of 1978. The defendant’s evidence was that no rent was paid after February of 1978. In any case, the defendant, without notice to the plaintiff, changed the lock on the door on January 12, 1979, retaining the keys and removing some of the plaintiffs property, excepting a walk-in cooler and other large equipment. The defendant testified that he kept the property for safe keeping. He stated that the entry was necessitated to repair a frozen pipe; that his efforts to locate the plaintiff were unavailing. Defendant claimed that he offered the plaintiff an alternative location for his store, but that an agreement was not achieved.
The plaintiff testified that after Thanksgiving of 1978, he did not open the store at 8:00 A.M., but did open for business various times each day. The defendant’s evidence contradicted this, stating that the store was not open every day. At about this time, the plaintiff was negotiating with one Perry to sell his business for $15,000.00 and for a transfer of a beer and wine license which Perry owned. These negotiations eventually came to naught. The defendant offered to buy the plaintiff s business for$ 15,000.00, the amount due under a secured loan arrangement with a bank. The plaintiff rejected this offer.
Sometime after the defendant took possession of the store, he rented it to other persons. This action was taken without the consent of the plaintiff. The plaintiff was unable to secure a suitable alternative location. Eventually, in June 1979, the liquor license was revoked by the licensing authority.
There was evidence that the plaintiff took steps to renew and did obtain renewal of the liquor license on January 14, 1979, paying the sum of $900.00 therefor. There was, according to the report, no evidence that plaintiff intended to abandon the premises.
The defendant did not make any demand upon the plaintiff for payment of the rent that was in arrears. There was conflicting testimony as to whether the plaintiff did any renovations or painting in December 1978. There was evidence from witnesses offered by the defendant that the stock was substantially depleted during the latter portion of 1978.
There was a substantial number of requests for findings of fact and rulings of law, two of which are significant to this appeal.
29. On all the evidence a finding for the Plaintiff is warranted.
Denied.
30. On all the law and the evidence a finding for the Plaintiff is warranted.
Denied.
1. The trial judge appears to have become ensnared in the “trap for the unwary” arising from doctrine of Bresnick v. Heath, 292 Mass. 293 (1953) [3]. Hoffman v. Chelsea, 315 Mass. 54, 57 (1943); Burgard, “Requests for Rulings,” 28 B.U. Law Rev. 200 (1948).
But we repeat what has been said often enough to bring it home to all judges who sit without jury, that where a judge in making his decision does consider all the evidence and his decision does not result from any conviction that the evidence is insufficient as a matter of law, he need not hesitate to grant such a requested ruling if he believes it to be correct, instead of raising a really moot but nevertheless dangerous question by refusing or ignoring it. (citations omitted) .. .If in such a case the judge chooses to take the opposite course of refusing the requested ruling, either expressly or impliedly by ignoring it, and decides the case against the party presenting the request, he should make such findings, stated to be findings of fact upon all the evidence, as will show that his decision is not the result of any ruling that the evidence is insufficient as a *212 matter of law to warrant a finding in favor of that party. Liberatore v. Framingham, 315 Mass. 538, 541, 542 (1944).
The judge in effect denied the plaintiffs requests that a finding in favor of the plaintiff was warranted because of his finding of fact that the plaintiff had abandoned the premises. While such a finding, if permissible on the evidence, would render an erroneous refusal to grant a request that the evidence warranted a finding for the plaintiff harmless error, we are of the opinion that the reported evidence does not permit the conclusion of abandonment.
The appellate division does not generally review findings of fact that are not required to be made in the absence of a request for ruling as to the sufficiency of evidence to warrant such finding of fact. Reid v. Doherty, 273 Mass. 388, 389 (1930). Cf. Sechrest v. Safiol, Mass. Adv. Sh. (1981) 1150, 1152, fn. 3. The judge's finding of fact on the issue of abandonment cannot be disturbed, ifpermissible on any reasonable view of the reported evidence. Kennedy Bros. Inc. v. Bird, 287 Mass. 477, 484 (1934). Codman v. Beane, 312 Mass. 570 573 (1942). Abandonment is generally a question of fact. Willets v. Langhaar, 212 Mass. 573, 575 (1912).
The reported evidence does not support the trial judge’s conclusion as to abandonment. The report states that there is no evidence that the plaintiff intended to abandon the premises. (R. 7). The question of abandonment is primarily one of intent. Butterfield v. Reed, 160 Mass. 361, 370 (1894). At best, the reported evidence suggests a diminished use of the premises by the plaintiff. Even complete non-use by the plaintiff would not in itself warrant a finding of abandonment. Delconte v. Salloum, 336 Mass. 184, 188 (1957): Dobbs v. Board of Appeals of Northampton, 339 Mass. 694, 696, 687 (1959). Furthermore, the report contains uncontradicted evidence that tends to show no intention by the plaintiff to abandon the premises. For example, his renewal of his liquor license for the premises shortly before the defendant changed the locks, his negotiations for the sale of the business to Mr. Perry, and his continued operation of the store albeit on a reduced and irregular schedule all militated against a determination of an intent to abandon. Of course, a judge is not required to believe such evidence even if uncon-tradicted. Perry v. Hanover, 314 Mass. 167, 170 (1943). But rejection of such evidence by the judge as finder of fact does not tend to establish the contrary proposition. Conley v. United Drug Co., 218 Mass. 238, 241 (1914); Merritt v. Utility Metal Products, Inc., 35 Mass. App. Dec. 12, 21, 22 (1966). The reported evidence in this case utterly fails to permit a reasonable inference that the plaintiff left the premises under circumstances which indicated a fixed purpose, not only to cease to occupy and to give up control over them, but also to permit the defendant to resume possession thereof. Cf. Talbot & another v. Whipple, 96 Mass. 177, 180, 181 (1867). No common intent could properly be inferred of relinquishing the relation of landlord and tenant. Id., 181; Carlton Chambers Co. v. Trask, 261 Mass. 264, 267, 268 (1927).
The case is remanded to the trial court. The finding for the defendant and judgment dismissing the complaint is to be vacated and a new trial is ordered.

So ordered.

 Neither the substance of the answer nor the counterclaim was disclosed in the report. No appeal was taken to the order dismissing the counterclaim.

 There is no inconsistency between granting such a request and then finding generally against the party making it. See Liberatore v. Framingham, 315 Mass. 538, 541-542 (1944).