Staff, J.
This is a civil action in part brought on a judgment and in part for the use and occupation of certain premises and for damages to the premises. After a general finding for the plaintiffs, the Fitzgeralds, the defendant, Nicotera, appeals alleging error in the denial of certain of her requests for rulings and error in the admission into evidence over her objections of certain questions and the answers thereto. There was error.
The trial court made no special findings and denied the following requests of the defendant for rulings:
4. The evidence warrants a finding that the defendant did not waste the demised premises during her occupancy thereof.
5. The evidence warrants a finding that any deterioration in the condition of the demised premises was due to reasonable wear and tear and not waste.
9. The evidence warrants a finding for the defendant with respect to the items of damages sought in said Item 2.
14. The evidence warrants a finding for the defendant with respect to the items of damages sought in said Item 3.
17.The evidence does not warrant a finding that the conditions referred to in said Item 4 were caused by the defendant.
19. The evidence warrants a finding for the defendant with respect to the items of damages sought in said Item 4.
22. The evidence warrants a finding that attorneys fees in the amount of $681.07 are excessive and unreasonable in the circumstances of this case.
In the trial of a case without a jury, two functions are performed by the judge. He must adopt correct rules of law for his guidance and he must find the facts as guided by the rules adopted. Castano v. Leone, 278 Mass. 429, 431 (1932); Perry v. Hanover, 314 Mass. 167, 173 (1943). Just as a party may request that ajudge give pertinent instructions to a jury, a party, by a request for ruling, may request that ajudge sitting without a jury instruct himself in his fact finding function. He is required to pass “upon relevant requests....and to decide the case. He must correctly instruct himself as to the governing principles of law and must pass *74 upon pertinent requests....in such a way as to make plain that he has not fallen into error.” Stella v. Curtis, 348 Mass. 458, 461 (1965). The failure to make findings of fact where requests for rulings have been filed and denied is error. Bresnick v. Heath, 292, Mass. 293, 298-99 (1935).
The rulings requested by the defendant should not have been denied. A request couched in the language “that the evidence warrants a finding that...” does not require a finding in favor of either party. After granting this request, the trial judge in his fact finding function may find for either side. Unless special findings show that a ruling on the request would be immaterial, the denial of such a request amounts to a ruling that, as a matter of law, a finding on each of the issues must be made for the plaintiff. An excellent discussion of this problem is contained in Damaso v. Yared, 1982 Mass. App. Div. 210, 211-212 (1982) and cases cited therein.
The following questions put to the plaintiff, Maurice J. Fitzgerald, in direct examination by the plaintiff were admitted over the continuing objections of the defendant:
Question: Give us a list of the cost of repairs which you made to the interior of the premises.
Answer: I purchased paint, rollers and brushes at Babel’s Paints in Norwood at a cost of $53,08 on July 15, 1977 and $10.92 on July 19, 1977.
Answer: My family did the interior painting and spent a total of 61 hours time.
Answer: I purchased two vanity mirrors from M. Lasden, Inc. of Canton, at a cost of $ 10.78 for the upstairs mirror and $4.20 for the downstairs mirror.
Answer: I paid J. L. Rogers to steam-clean the rugs.
Answer: I replaced two trash barrels which were destroyed at the Bargain Center in Quincy at a cost of $19.88.
Answer: No Keys were returned by the defendant and keys and tumblers to the locks were replaced by a Canton Lock Company at a cost of $30.00.
Answer: Two burned out electrical outlets were replaced at a cost of $2.08.
Answer: I purchased grout and tile from Tile Fashions to repair the bathroom at a cost of $10.76.
Answer: I charged $265.00 for labor for repairs to the interior of the apartment consisting of painting, vacuuming, repair of mirrors, cleaning of appliances, replacement of electrical outlets, grouting in the bathroom, a total of 61 hours.
Question: Give us a list of the cost of repairs that you made to the exterior of the premises.
Answer: It had to be cleaned up and painted, paint was purchased at a cost of $3.83, a broken door-bell was replaced at a cost of $3.67, and I estimate the cost of an upstairs broken screen which has not been repaired at $10.00. A downstairs front screen cost $7.00 and the estimated labor charge for this work is $40.00.
Question: What was the cost of the repairs that you made to the grounds?
Answer: Two shrubs had to be torn out and replaced at the cost of $38.23, other evergreens and plants were purchased for $28.10 and $25.39; 4 yards of loam were purchased from A. A. Will at a cost of $40.00 and grass seed and lime were purchsed at a cost of $20.84 and 18 hours of labor were spent by my wife and me with an estimated labor charge of $160.00.
*75 The plaintiff testified that the prices paid for the foregoing items were prices set by the local merchants in the area.
The defendant requested that all of the foregoing Rulings be reported.
Testimony as to the value of the materials and labor in general usually is given by the opinion of an expert. However, opinion as to the value may also be given by persons who are not experts but who have a particular familiarity with the property in question. Agoos Leather Cos., Inc. v. American and Foreign Ins. Co., 342 Mass. 603, 609-610 (1961). This is the rationale which permits an owner to testify as to the value of his own property - not just because he is the owner, but because he possesses the requisite familiarity. Southwick v. Mass. Turnpike Authority, 339 Mass. 666, 668 (1959).
In this case, the owner did not testify as to the value based upon some particular familiarity with the items but testified as to the price he paid. However salutary a rule permitting such testimony might be, this is not in accordance with the present state of the law and this testimony should have been excluded.
Accordingly, the case is remanded to the trial court. The finding and judgment for the plaintiff is vacated and a new trial is ordered.

So ordered.