Jodrey, J.
This is an action in contract and tort arising out of the plaintiffs purchase of a used motor vehicle from the defendant, Louis T. Fossarelli. The plaintiffs amended complaint charged Fossarelli with unfair and deceptive practices in violation of G.L.C.93A; deceit; negligent misrepresentation and breach of an implied warranty of fitness. The plaintiff further alleged that defendant Ralph Scovotti was negligent on several occasions in his evaluation and repair of the vehicle in question.
The trial court entered judgment for the plaintiff against defendant Fossarelli in the initial sum of $3,251.14. The court then tripled these damages pursuant to C.93A, and further awarded a sum of twenty-five (25%) percent of the total judgment figure to the plaintiff for attorneys’ fees. Judgment was also entered in favor of defendant Scovotti.
The pertinent reported evidence may be summarized as follows: Defendant Fossarelli is a dealer in used automobiles with a place of business in Haverhill, Massachusetts. In March, 1978, Fossarelli purchased a 1974 Volvo from McGregor-Smith Leasing, Inc'. There was testimony by both the original owner ofthe vehicle and an employee of McGregor-Smith that the Volvo had been examined and tested, and that there were no mechanical defects at the time of the vehicle sale to Fossarelli.
Defendant Fossarelli referred the Volvo to defendant Scovotti for an inspection, safety check and general servicing. Scovotti is a garage owner in Haverhill who specializes in the repair of foreign automobiles. Scovotti testified that he “heard a murmur in the engine” but could not discover the cause of it. Scovotti also stated that he would not have advised someone not to purchase the car simply because of this type of unspecified murmur or noise. There was conflicting evidence as to whether Scovotti ever informed Fossarelli of the existence of the engine murmur.
*29 The plaintiff, a friend of defendant Fossarelli, purchased the used Volvo on April 25,1978 for asum of $3,100.00 after examining the car and road-testing it twice. Fossarelli gave the plaintiff a thirty day, 100% guarantee on the used vehicle and stated that “it was a good car.”
Thereafter, on June 22 and 29, 1978, the vehicle was towed to Seovotti’s garage. A new cam shaft was installed each time, and certain other repairs were made. When Scovotti refused to release the car to the plaintiff until full payment of the first repair bill was made, the plaintiff contacted Fossarelli. The latter stated that he felt a moral obligation to assist the plaintiff because she was a friend and because the vehicle trouble began subsequent to the expiration of the warranty period. Fossarelli guaranteed full payment of the repair bill, and was later reimbursed in the sum of $150.00 by the plaintiff for fifty (50%) percent of this bill.
On July 7,1978 the Volvo was towed to Scovotti’s garage for the third time. The plaintiffs husband had worked on the car and such work had impaired the engine’s firing order and had caused the car to breakdown. Scovotti testified that the plaintiffs husband’s work could have caused other damage to the engine. Repairs were: performed and the plaintiff was charged $43.68.
On J uly 15,1978, the vehicle broke down and was again towed to Scovotti’s garage. Scovotti disassembled the engine and then refused to make any repairs. The plaintiff requested assistance from Fossarelli and told him that she knew this situation “was not his fault.” Fossarelli initially advised removing the vehicle from Scovotti’s garage. Before the vehicle was removed, however, it was damaged when a third party drove their car into the body of the plaintiffs vehicle.
The plaintiffs car was thereafter removed to Fred’s Garage where a third, new cam shaft was installed and other repairs made.
The plaintiff subsequently received $655.00 as the trade-in value of the Volvo on the purchase of a new car. Consideration was given, in arriving at the trade-in value, to the damage done to the car at Scovotti’s and the engine condition. The vehicle was actually valued at $1,200.00 to $1,300.00, and was eventually sold at a wholesale price of $1,000.00.
In response to requests submitted by defendant Fossarelli, the trial court ruled, inter alia, that Fossarelli was not chargeable with the statements or acts of defendant Scovotti; and could not be held liable for property damage sustained while the vehicle was at Scovotti’s garage. The court further ruled that Fossarelli was to be credited with any money received by the plaintiff from Fossarelli.
The court nevertheless calculated the $3,251.94 damage award against Fossarelli on the basis of the aggregate sum of all repair bills issued by Scovotti and Fred’s Garage and the difference between the original purchaser price and trade-in value of the vehicle.
Defendant Fossarelli sought a report to this Division on a charge of error in the trial court’s evidentiary rulings, computation of damages and assessment of attorneys’ fees on a fixed percentage basis. The defendant also contends that the ultimate finding herein is against the weight of the evidence; and that a number of the court’s subsidiary, factual findings are inconsistent with the court’s rulings of law.
1. The defendant’s evidentiary objections to the introduction of certain towing and repair bills against him should have been sustained. On the basis of the report before this Division, the bill issued by Fred’s Garage in the sum of $592.00, to cite one example, would not appear to have been properly *30 authenticated pursuant to G.L.c. 233, §78. See generally, Household Fuel Corp. v. Hamacher, 331 Mass. 653, 655 (1954); Kelly v. Jordan Marsh Co., 278 Mass. 101, 111 (1932). No employee or mechanic from Fred’s Garage testified at trial as to the fair and reasonable amount of the repair charges, or to the extent and necessity for the repairs themselves. The plaintiffs non-expert testimony as to these repair bills was neither competent, nor sufficient, to correct such evidentiary deficiencies. See generally, Neustadt v. Gennelly, 1983 Mass. App. Div. 52, 54-55; Fitzgerald v. Nicotera, 1983 Mass. App. Div. 73, 75.
2. The determination of an amount which constitutes a reasonable attorney’s fee is a matter which rests within the discretion and expertise of a trial justice. Heller v. Silverbranch, 376 Mass. 621, 629 (1978). This determination must involve, however, more than a simple percentage-of-recovery computation. Weinstein v. Steigman, 1983 Mass. App. Div. 288, 289. Consideration must be given to:
the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the . experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area and the amounts of awards in similar cases.
Linthicum v. Archambault, 379 Mass. 381, 389 (1979). The report herein is devoid of any indication either that the plaintiff offered evidence relevant to these factors, see Blackstone Valley Nat'l Bk. v. Wright, 56 Mass. App. Dec. 123, 126 (1975), or that due consideration of such factors was made by the trial court.
3. It is unnecessary to discuss specifically the defendant’s remaining charges of error in this case. Our examination of the report in its entirety compels the conclusion that, in the interests of justice, a new trial is required herein. G.L.c. 231, §110.
4. The trial court’s finding for the plaintiff is vacated. A new trial is ordered.