WILLIAM W. JOHNSON & another, Administrators, *vs.* JOHN STEWART.

A notice to a tenant at will, to quit premises " within fourteen days from date," served more than fourteen days before action brought, is sufficient, under Rev. Sts. *c.* 60, § 26.

A police court, which has jurisdiction of actions on the Rev. Sts. *c.* 104, may allow an officer to amend his return in such an action so as to show service on the defendant, although the return as originally made shows no jurisdiction.

Upon the hearing in this court on appeal of certain questions submitted on facts agreed, no other questions can be raised.

ACTION on the Rev. Sts. *c.* 104, brought in the police court of Chicopee, on the 31st of August 1857, to recover possession of a tenement in that town.

The defendant was tenant at will of the premises under an oral lease from the plaintiffs as administrators of the estate of William E. Wentworth, and on the 12th of August, being in arrears for rent, was served with a written notice of the sam date, " to quit and deliver up " to the plaintiffs possession of the premises " within fourteen days from date," for non-payment of rent.

The officer who served the process in this action made return that the defendant was without his precinct. The defendant therefore moved to dismiss the action. But the police court

allowed the officer to amend his return, and overruled the motion.

Upon the facts above stated the parties submitted to the court of common pleas, and to this court on appeal, the sufficiency of the notice and of the officer's return.

*G. M. Stearns*, for the plaintiffs.

*G. H. Knapp*, for the defendant. 1. The notice was insufficient, because it required the defendant to deliver up the premises "within fourteen days," thereby fixing no time; and was not a notice to deliver up the premises at the expiration of fourteen days. *Currier* v. *Barker*, 2 Gray, 228. *Steward* v. *Harding*, 2 Gray, 335. *Oakes* v. *Munroe*, 8 Cush. 282. *Prescott* v. *Elm*, 7 Cush. 346. *Baker* v. *Adams*, 5 Cush. 99. *Right* v. *Darby*, 1 T. R. 159. *Doe* v. *Spence*, 6 East, 120. Taylor on Landl. & Ten. 49. 2 Archb. N. P. (2d ed.) 394. The notice is also bad as requiring the defendant to quit the premises within fourteen days from the date thereof, without regard to the time of service.

2. The police court had no jurisdiction, because the officer returned that the defendant was not within his precinct; and, having no jurisdiction, could not authorize the officer to amend his return. *Hoit* v. *Molony*, 2 N. H. 322. *Osgood* v. *Thurston*, 23 Pick. 110. *Hunt* v. *Hanover*, 8 Met. 343.

3. The plaintiffs as administrators had no right to notify the defendant to quit the premises, or to bring this action.

MERRICK, J. 1. The tenant held possession of the demanded premises only under an oral lease from the plaintiffs. His estate therefore was a mere tenancy at will. In all cases of neglect or refusal to pay the rent due on a lease at will, fourteen days' notice to quit, given in writing by the landlord to the tenant, is sufficient to determine the lease. Rev. Sts. *c.* 60, § 26. It appears from the agreed statement of facts that the defendant was in arrears for rent; and that thereupon a written notice from the plaintiffs, bearing date the 12th of August 1857, was upon that day served upon, that is, given to him, requiring him to quit and deliver up the premises to them within fourteen days from that date. This was all that was necessary for the plaintiffs to do, to determine the lease and bring the tenancy at will

to an end.   The present suit was not commenced until the 31st of the same month.   When an act is to be done within a given number of days from date or the day of a date of a written instrument, the day of the date is to be excluded.   *Fuller* v. *Russell*, 6 Gray, 128.   *Buttrick* v. *Holden*, 8 Cush. 233.   The defendant therefore had fourteen full days after the 12th of August, during which he might at any time, at his own election, remove from the premises.   He was not required to depart until the last of the fourteen days ; but he was left at liberty, if he chose to do so, to quit them at any earlier period.

2.  The motion to dismiss the action was properly overruled. The police court of the town of Chicopee, before and to which the writ sued out by the plaintiffs was made returnable, had general jurisdiction of the subject matter and cause of action set forth in the declaration.   Rev. Sts. *c.* 104, § 4.   *St.* 1855, *c.* 463.   An actual service of the writ was made by a civil officer who was legally authorized to do so.   This having been done, the plaintiffs duly entered their action, and thereupon the defendant appeared and moved that it should be dismissed for the want of, and because there had not been, a sufficient service of the process.   Whether the objection thus taken was well founded then became a question of law, to be judicially determined by the court in which the action was entered and before which the motion was made.   It thus had jurisdiction of the cause and of the parties to it.   *Raymond* v. *Bolles*, 11 Cush. 315.   And having this jurisdiction, it was competent for the court to allow the officer to amend his return.   *Johnson* v. *Day*, 17 Pick. 106. *Baxter* v. *Rice*, 21 Pick. 197.   The amendment having been allowed, and made by the officer, there no longer remained any valid objection to the maintenance of the action, on account of any supposed want of regularity in the proceedings of jurisdiction in the court.

3.  The tenant took his lease from the plaintiffs.   In the agreed statement of facts no question is reserved respecting either their title to the estate leased or their right as owners to prosecute the present action.   No such question therefore is now open to the defendant.     *Judgment for the plaintiffs.*