*Municipal Court of the City of Boston*

No. 347112

### ERNEST W. GEORGE

v.

### CARL GOLDMAN, ET AL.

(May 25, 1955)

*Barron, J.* This is an action of contract to recover the balance of monies due (1) for the construction of a six room brick house under an oral contract; (2) for furnishing extras; (3) for structural changes under an oral contract during the erection of said house. The defendants denied the plaintiff's allegations.

The court (*Tomasello, J.*) found for the plaintiff for $1,968.46, the balance alleged due for the construction under the contract, and for $676.00 for extras and for the defendants on the claim by the plaintiff of $1,235.00 for monies alleged due for structural changes.

Evidence was introduced by the plaintiff as to his experience; as to the details of the agreement entered into by the parties; as to the description and plans of the house to be built, including all the details; the price to be paid by the defendants; the extras furnished and the structural changes made by the plaintiff at the defendants' request during the course of construction; the fair and reasonable value of the work performed by the plaintiff; that all of said work was done in a good and workmanlike manner; and a description of all the work performed by the plaintiff for the defendants at their request.

There was evidence on behalf of the defendants that the house had not been built according to specifications and in a good and workmanlike manner; that no request was made by the defendants for extras and for structural changes; that there was no agreement by the defendants to pay for same, and that the charges were not reasonable.

The defendants claim to be aggrieved by the denial of certain of their requests for rulings, and by the granting of certain of the plaintiff's requests for rulings.

The defendants' requests for rulings referred to, and denied, were to the effect that "upon all the evidence, a finding for the plaintiff is not warranted", because there was no complete or substantial per-

formance of the contract by the plaintiff; that the plaintiff did not show good faith in performing the contract fully; and that the plaintiff has failed to sustain the burden of proof of his allegations.

The court denied these requests "except as they relate to the plaintiff's claim for structural changes".

There was no error. The evidence presented by the plaintiff as contained in the report, if believed, was sufficient to sustain the plaintiff's burden of proof.

The court by making a finding for the plaintiff for the balance due for the construction of the house and for the extras, thereby indicated that it weighed the evidence and as a fact finding body made such findings of fact from the evidence presented. The general finding for the plaintiff imports the finding of all subsidiary facts rationally possible on the evidence, and the drawing of all inferences of which the evidence is susceptible, in support of the general conclusion. *Griffin v. Rudnick*, 298 Mass. 82, 84; *Hill v. Creditors Nat. Clearing House*, 289 Mass. 437.

Findings of fact cannot be reversed unless they cannot be sustained upon any rational view of the evidence. *Commissioners of Woburn Cemetery v. Treasurer of Woburn*, 319 Mass. 86, 92. *First National Stores, Inc., v. H. P. Welch Co.*, 316 Mass. 147, 149.

The court in disposing of the plaintiff's requests for ruling which referred to the claim for structural changes stated: "Denied. I find on facts that such changes or alterations were not done with the express or implied promise of defendants to pay for same."

The other plaintiff's requests for ruling were in substance that "as a matter of law the defendants are not entitled to a finding in their favor"; and that "as a matter of law, the plaintiff is entitled to recover". The court granted these requests and stated in effect "except as it related to claim for structural changes".

The granting of these requests of the plaintiff would constitute reversible error if standing alone

and without any reference to the court's disposition of the defendants' requests, and the court's finding of facts.

It is clear, however, that the court in finding for the plaintiff on some claims, and against the plaintiff on others, did not make these findings as a matter of law but on facts based upon evidence presented. The granting of these requests as a ruling of law was clearly an inadvertance. It is clear that what the judge meant was that on the evidence as a whole he found that the plaintiff had proved some of his allegations by the greater weight of credible evidence and was therefore entitled to recover. The record as an entirety shows that the trial judge did not make a ruling of law in that sense. *Patterson v. Ciborowski,* 277 Mass. 260, 267.

*Report dismissed.*

Morris Kirsner, for the plaintiff.
Robert V. Mann, for the defendant.