COMMONWEALTH *vs.* THOMAS LANIGAN. July 21, 1981. The defendant was convicted of armed robbery, assault with intent to murder, assault and battery with a dangerous weapon, and kidnapping on the basis of testimony by the victim that he had been waylaid by the defendant and a companion, forced into an apartment at knifepoint, robbed, cut with a knife, stripped, tied with an electrical cord, and stabbed several times during a fight before he made his escape. A police officer took him to a hospital. Another officer, acting on the victim's description, went to the apartment, found blood in the hall and on the door, gained entrance through the manager, and found neither the defendant nor his companion within. The police then padlocked the apartment and returned at an unspecified later time to search the apartment without a warrant. They found and seized several items which tended to corroborate the victim's story. These were introduced in evidence over the defendant's objection.

The evidence on the motion to suppress was such that the judge could properly find that the defendant had no legitimate expectation of privacy that was violated by the search of the apartment and the seizure of the incriminating items because he had previously abandoned the apartment. See generally *Abel* v. *United States*, 362 U.S. 217, 241 (1960); *Feguer* v. *United States*, 302 F.2d 214, 248-250 (8th Cir.), cert. denied, 371 U.S. 872 (1962); *Parman* v. *United States*, 399 F.2d 559, 564-565 (D.C. Cir.), cert. denied, 393 U.S. 858 (1968). The original entry was lawful, as was the padlocking of the apartment. The police were justified in trying to apprehend the defendant and his companion without delay and to prevent the destruction of evidence at the scene of the several crimes. The only question of arguable impropriety arose from their reentry without a

warrant. See *Mincey* v. *Arizona,* 437 U.S. 385, 392-394 (1978). Prior to that time the defendant had returned to the building, found the apartment padlocked, learned from the manager that it had been locked by the police, and left the building not to return, traveling (apparently the same day) to Arizona. There was no evidence as to how long the defendant stayed in Arizona, but another pretrial motion filed by the defendant indicates that he did not return to Massachusetts for many months. The apartment had been rented for a two-week period, and, while the evidence did not indicate precisely when the two-week period expired, the defendant testified that he had lived in the apartment for about two weeks. From this evidence the judge could properly infer that the defendant, immediately on learning that the police were investigating him, fled from the Commonwealth with the intention of not returning to the apartment during the short period, if any, which remained of his rental period. It is clear from the cases on the subject that abandonment can be found to have taken place before the end of the rental period (*Feguer* v. *United States,* 302 F.2d at 249; *United States* v. *Wilson,* 472 F.2d 901, 902-903 [9th Cir. 1972], cert. denied, 414 U.S. 868 [1973]; *United States* v. *Hunter,* 647 F.2d 566, 568 [5th Cir. 1981]; *State* v. *Chiles,* 226 Kan. 140, 147 [1979]), the essence of abandonment being the act of leaving coupled with the intention of not returning (*Abel* v. *United States,* 362 U.S. at 241; *Friedman* v. *United States,* 347 F.2d 697, 704 [8th Cir.], cert. denied 382 U.S. 946 [1965]; *United States* v. *Colbert,* 474 F.2d 174, 176 [5th Cir. 1973]). A relinquishment of rights by abandonment does not depend on knowledge by the police that the abandonment has occurred. *Feguer* v. *United States,* 302 F.2d at 250; *Parman* v. *United States,* 399 F.2d at 564-565; *State* v. *LeDuc,* 48 N.C. App. 227, 241 n.1 (1980). It is not, in our view, relevant that the abandonment may have been induced by the defendant's fear of apprehension upon seeing that the police had entered and secured the apartment, so long as the entry and securing of the apartment were themselves lawful. Compare *Commonwealth* v. *Battle,* 1 Mass. App. Ct. 579, 582-583 & n.7 (1973), *S.C.,* 365 Mass. 472 (1974); *Commonwealth* v. *Fox,* 3 Mass. App. Ct. 123, 125 (1975).

Although the judge failed to make findings, it seems clear that he found an abandonment, that having been the Commonwealth's principal argument at the close of the hearing on the motion to suppress. No purpose would be served by requiring express findings at this late date. There was no conflicting testimony to resolve. The source of all the facts bearing on abandonment was the defendant's own testimony on the motion to suppress, and the abandonment seems an almost inescapable conclusion if his testimony is credited.

The judge, in his charge, differentiated between the preponderance-of-the-evidence test applicable to civil cases and the proof-beyond-a-reasonable-doubt test applicable to criminal cases, emphasized twice that the latter test required that the jury be satisfied of the defendant's guilt to

a moral certainty, and cautioned against speculation, guesswork, or surmise. We think that the charge passed muster in this respect, although the question is close. We emphasize, as has the Supreme Judicial Court (*Commonwealth* v. *Therrien*, 371 Mass. 203, 208-209 [1976]; *Commonwealth* v. *Wood*, 380 Mass. 545, 551 [1980]), that improvisation is generally not desirable in defining the concept of reasonable doubt and that reliance is better put on the time-tested language of *Commonwealth* v. *Webster*, 5 Cush. 295, 320 (1850).

The defendant's contentions with respect to other objections raised at the trial have been considered and are without merit. Although no appropriate objection was taken at trial, the panel are of the opinion that the judge's charge with respect to the indictments for assault and battery with a dangerous weapon and assault with intent to murder was so deficient that there exists a likelihood of a miscarriage of justice if those convictions are allowed to stand. See *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 (1967). Accordingly, the judgments on indictment nos. 90642 (assault and battery by means of a dangerous weapon) and 90643 (assault with intent to murder) are reversed, and the verdicts thereon are set aside. The judgments on indictment nos. 90641 (armed robbery) and 90644 (kidnapping) are affirmed.

*So ordered.*

*Stephen Gordon* for the defendant.
*Paul F. Bolton*, Assistant District Attorney, for the Commonwealth.