McGuane, J.
This was an action of contract based on a lease for unpaid rent. The defendant defended on the basis that he was released from said lease and was not obligated to pay the rentals in dispute. The trial court found for the plaintiff.
At the trial there was evidence tending to show the following:
Under date of February 11, 1982, the parties entered into a written lease wherein the plaintiff leased certain commercial premises in the Barre-Petersham area of Massachusetts to the defendant Rust as lessee. Article 4 of the lease provided for a term to run from February 11,1982 to July 11,1983, the right of the lessee to remain in occupation thereafter to run from month to month until terminated by either party upon a 60 day written notice.
Article 5 of the lease established a monthly rental of $350 payable in advance. Contemporaneously upon the signing of the lease, they executed a written amendment altering the monthly rental figures — a matter of no significance on the issues raised by the defendant in his request for a report.
The defendant took occupancy upon the signing of the lease and began to use the property for commercial retail purposes. In the springtime of 1982, the defendant assigned or sold the business to one Cook who then continued the operation until the month of June, at which time Cook abandoned the business. The plaintiff was not a party to the arrangement between Rust and Cook.
Monthly payments with respect to the lessee’s rental obligations were paid through the month of June 1982. No payments were made thereafter.
By letter dated June 16,1982, the defendant lessee advised the lessor of his intention to close down the retail operation “due to current economic *49 conditions, among others.” In the same letter, he notified the lessor of his intention to vacate the premises and of his desire to bring the lease to an end.
The lease document did not contain a provision under which the lessee would be permitted to unilaterally terminate the contract.
For the next four months, matters were at a stalemate; the property remained idle; and no rental payments were made. By document dated October 18,1982, the parties executed an agreement by which the lessor could retake possession in lieu of obtaining a judgment in a summary process action. The agreement specifically provided that it was without prejudice to the rights of the parties under the original lease document of February 11,1982.
After recovering a set of keys that had once been in the possession of the lessee or of Cook, the lessor entered the property. It was finally rented at a lower figure the following March, thereby minimizing the lessor’s loss. Deducting the amounts so received, the net remaining due under the lease was $3100.
At no time dru ir.-j „ne term of the lease did the lessor accept a surrender of the lease by the lessee, nor did the lessor ever agree to a termination of the lease before its stated expiration date.
The issue presented in this appeal and argued by the parties is whether or not the trial court erred in finding that the lease had not been cancelled by a valid surrender.
The court’s findings of fact above indicate that at no time during the term of the lease did the lessor accept a surrender of the lease by the leasee, nor agree to a termination prior to its stated expiration date.
Whether there has been an abandonment by the tenant and an acceptance by the landlord of the possession of the premises is obviously a question of fact; and such an acceptance of possession by the landlord does not necessarily result from the fact that the landlord has accepted the keys or from the fact that he has entered upon and has assumed a certain control of the premises. Such acts, and even a re-letting of the premises may have been done for the protection of the premises or on behalf of the tenant, and may be therefore, in the circumstances, consistent with an intent and purpose on the landlord’s part; to hold the tenant responsible. Guaranty Bank & Trust Company v. Mid-State Insurance Agency, Inc., MASS. PRACTICE SERIES, VOL. 28.
The trial court had sufficient evidence before it to make the factual determination as to whether or not a surrender of the lease was effected. The court made the finding that no surrender occurred. The findings of the trial court will not be disturbed if there is evidence to sustain such findings. Luongo v. Zimmerman, 47 Mass. App Ct. 126.
There being no prejudicial error the report is dismissed.