COMMONWEALTH vs. CLIFFORD JONES. October 16, 1985. *Search and Seizure*, Threshold police inquiry, Probable cause, Arrest. *Arrest*.

The defendant was convicted of unlawfully carrying a firearm (G. L. c. 269, § 10[a]). The weapon was discovered under the rear seat of a police cruiser in which the defendant had been seated immediately prior to the discovery. The defendant moved unsuccessfully to suppress the firearm, claiming it was unconstitutionally seized pursuant to a warrantless search. This appeal challenges the denial of that motion.

A police officer received information from a reliable informant that the defendant was carrying a firearm. The officer stopped the defendant, patted him down, and found no weapon. The defendant, conceding that the officer was justified in approaching him and conducting a pat-frisk on the strength of a reliable[1] informant's tip (see *Adams* v. *Williams*, 407 U.S. 143, 144-148 [1972]), argues that the seizure of his person after the unsuccessful frisk exceeded the permissible scope of the investigative stop. The defendant further asserts that the subsequent discovery of the firearm in the police cruiser in which he had been riding was the fruit of that illegal arrest.

The defendant's contentions are inapposite to the circumstances presented here. The defendant correctly observes that the order of the events that occurred "was not specifically found by the judge." It is apparent, however, from the context and manner in which the judge made his findings that the officer approached the defendant, asked for identification, and, as a result of observing the same fraudulent liquor purchase identification card which he had checked out two weeks earlier, placed the defendant, without handcuffs, in the cruiser. The judge further found that, before placing the defendant in the cruiser, the officer had observed no bulges, nor discovered a weapon after the pat-frisk. However, the officer "heard a 'clunk' of metal while standing next to the cruiser [, and] removed the defendant from the car, searched the car and found a loaded gun under the rear seat." The judge, characterizing this as "an attempt to conceal the gun," concluded that the officer had probable cause to arrest the defendant at that point for violation of G. L. c. 269, § 10 (*a*), which was what the officer then did.[2]

The officer properly could ask for the defendant's identification before conducting the pat-frisk. See *Hayes* v. *Florida*, 470 U.S. 811, 816-817 (1985). It is uncontroverted that in response to the officer's request the defendant handed him a liquor purchase identification card which bore the address of a vacant parking lot. When the defendant produced the same liquor purchase identification card with a false address that the officer had seen and checked out two weeks earlier, the officer was empowered to arrest the defendant without a warrant and hold him in custody pending the seeking of a complaint against him. See G. L. c. 138, § 34B.[3] Once the

---

[1] The reliability of the informant has not been contested. See *Commonwealth* v. *McCauley*, 11 Mass. App. Ct. 780 (1981).

[2] The judge found that, when the officer placed the defendant in the cruiser, he intended "to transport him to the police station for an arrest warrant search." We note that the officer, who had a reasonable suspicion that the defendant had a gun because of the information supplied by the reliable informant, could have conducted a search incident to an immediate arrest of the defendant pursuant to G. L. c. 276, § 1, before he placed him in the car. The officer's more cautious approach, however, did not vitiate his perfectly correct actions thereafter.

[3] That provision defines the misdemeanor of using or carrying a false liquor purchase identification card, or giving false information in obtaining such a card, and further provides for the detention and warrantless arrest of persons discovered by the police to be violating the section.

defendant was lawfully in the police cruiser, the timing of the discovery of the gun was insignificant.[4] Nor does it matter whether the gun was in plain view after the officer heard the "clunk" or instead was discovered after a search. The defendant has no reasonable expectation of privacy in property which he either attempts to conceal or abandons in a police cruiser. See *Commonwealth* v. *Battle*, 365 Mass. 472, 475 (1974); *Commonwealth* v. *Fox*, 3 Mass. App. Ct. 123, 125 (1975). See also *Commonwealth* v. *Jackson*, 384 Mass. 572, 584 (1981); *Commonwealth* v. *Lanigan*, 12 Mass. App. Ct. 913 (1981). The judge correctly denied the defendant's motion to suppress.

*Judgment affirmed.*

The case was submitted on briefs.
*Steven J. Rappaport* for the defendant.
*Newman Flanagan*, District Attorney, *& Robert N. Tochka*, Assistant District Attorney, for the Commonwealth.

---

[4] The defendant's stipulated version of events has been that the gun was discovered by another officer but not until after the defendant had been transported to the police station and removed from the cruiser.