Banks, J.
This is an action in contract to recover unpaid rent pursuant to the defendant-tenant’s lease of certain residential premises owned and managed by the plaintiff-lessor. The plaintiff also sought damages for personalty storage charges, attorneys’ fees and costs. The defendant-tenant counterclaimed for the plaintiffs alleged breach of the covenant of quiet enjoyment and unfair and deceptive practices in violation ofG.L. c. 186, §§14, 18 and G.L. C.93A in illegally and negligently entering the premises in question and removing the defendant’s personal property.
Judgment was entered for the plaintiff in the sum of $1,190.00 plus interest and costs. A finding was also made for the plaintiff on the defendant’s counterclaim.
There is no dispute as to the following, salient facts: The parties executed a self-extending, written lease for the defendant’s rental of an apartment in Natick, Massachusetts for an initial term of March 1,1984 to October 31,1984. In July, 1984, the defendant was seriously injured in a motor vehicle accident and apparently spent the next several months recuperating at his parents’ home.
The defendant failed to pay his monthly rent after August, 1984. Although the report states that the defendant contacted the manager of the apartment complex to make arrangements to eliminate the rent arrearages, nothing appears to have come .of this and the trial justice found that “the defendant made no good faith effort to contact the plaintiff regarding his intention to leave the premises or to pay the delinquent rent.”
At the end of October and again in early November, 1984, the plaintiff entered the apartment and found it furnished, but without signs of recent habitation. Legal and other notices left on the apartment door for the defendant were never acknowledged. On November 30, 1984, the plaintiff re-entered the premises and removed all of the defendant’s furnishings, clothing and personal property to a vacant apartment located elsewhere in the complex.
In so doing, the plaintiff relied upon the lease agreement which provides in pertinent part:
22. Right of Entry. .. . The Lessor may ... enter upon said premises if same appear to have been abandoned by the Lessee or as otherwise permitted by law.
*73 25. Removal of Goods. Lessee further covenants and agrees that if Lessor shall remove Lessee’s goods or effects, pursuant to the terms hereof or of any Court order, Lessor shall not be liable or responsible for any loss of or damage to Lessee’s goods or effects and the Lessor’s act of so removing such goods or effects shall be deemed to be in the act of and for the account of Lessee, provided, however, that if the Lessor removes the Lessee’s goods or effects he shall comply with all applicable laws, and shall exercise due care in the handling of such goods to the fullest practical extent under the circumstances.
No execution for possession was ever obtained by the plaintiff. The plaintiff had twice, on October 8 and November, 1984, served the defendant with a summary process summons and complaint, but failed to enter these actions in the Natick Division of the District Court Department. The defendant in fact appeared at court on November 22, 1984 in response to the plaintiff’s summons but was told that no summary process action against him had ever been actually filed. On December 1,1984, the plaintiff changed the locks and re-let the apartment.
In reaching an ultimate determination in the plaintiffs favor, the trial justice found the following pertinent, subsidiary facts:
4. During the period of September/October, 1984, the plaintiff was unable to locate the defendant. An inspection of the premises during this period revealed the premises to be in disarray, [with] dirty dishes and exposed food causing infestation.
6. Based on the defendant’s testimony, it was his intention as of the first of November, 1984 to no longer occupy the apartment and I therefore find that the defendant left the premises with the intention of not returning and therefore abandoned said apartment #4 on or about November 1, 1984. ...
9. Plaintiff’s entry into apartment #4 in November, 1984 was lawful based on my finding that defendant had previously abandoned said premises. Plaintiff’s removal and storage of the defendant’s goods and property was done with due care... [and] was in compliance with paragraphs 23, 24 and 25....
11. Based on the evidence and the permissable inferences, I find no evidence that the plaintiff violated any law or regulation nor was the plaintiff guilty of any deceptive act(s). Whereas defendant abandoned said property prior to any act on the part of the plaintiff, I find no violation of M.G.L. c.184, s.18 or any Consumer Protection Regulation of the Attorney General.
The defendant now claims to be aggrieved by the trial justice’s subsidiary finding of abandonment and by the court’s disposition of two of his requests for rulings filed by the defendant.
The first ground for appeal is derived from the denial of request for ruling number 18:
18. As a matter of law and upon all the evidence, the Plaintiff-in-Counterclaim is entitled to a verdict in his favor on his counterclaim as the evidence demonstrates that the defendant-in-counterclaim violated M.G.L., c.186, sec. 14 and Attorney General Regulation 940 C.M.R. 3.17 (5) (a).
A fair reading of defendant’s request number 18 is that the facts reported “entitled” the defendant to a judgment and were such as to preclude a finding for the plaintiff. Mac Financial Corp. v. Malone, Mass. App. Div. Adv. Sh. *74 (1978) 250. This is just another way of stating what in more usual terms is expressed as a request for a required finding that there is no evidence upon which a finding for the plaintiff could be warranted. Such a request, analogous to a Mass. R. Civ. P., Rule 50 motion for a directed verdict in a jury trial, must be denied if any evidence was advanced at trial which would support a finding for the opposing party. See, e.g., Wadsworth v. Boston Gas Co., 352 Mass. 86, 92 (1967); Casey v. Gallagher, 326 Mass. 746, 748 (1951). Contrary to the defendant’s contention, the reported evidence indicates that a finding of abandonment or apparent abandonment of the premises was not only not impermissible, but was also clearly warranted. Where the evidence warranted the trial judge’s finding of actual abandonment, a fortiori it warranted a finding of apparent abandonment. Under these circumstances, defendant’s request number 18 was appropriately denied.
More abstruse is defendant’s second ground of appeal based upon the trial court’s conditional allowance of request for ruling number 20, viz.:
20. As a matter of law, M.G.L., c.184, sec. 18 prohibits a landlord from defending an owner for violation of M.G.L., c.186., sec. 14 by raising the defense of abandonment.
ALLOWED — SEE FINDINGS — I FIND NO VIOLATION.
This requested ruling represents only the defendant’s view of the law to be applied in this case. The defendant’s contention is that any repossession of premises by an owner other than by court order is proscribed by G.L. c.186, § 14 and, as a corollary, the defenses of apparent or even actual abandonment are not cognizable. This proposition of law is demonstrably incorrect. Section 14 of G. L. c.186 prohibits certain specified conduct by a landlord (most of which may be loosely defined under the heading of constructive eviction) and includes action taken by a landlord to “.. . attempt to regain possession of such premises by force without benefit of judicial process.” Nothing in this section suggests that it is intended to override the provisions of G. L. c.185, § 15B which specifically provides that leases may contain clauses precisely like the one in this case reserving to the landlord the right to enter demised premises “.. . in accordance with a court order or if the premises appear to have been abandoned by the lessee.”
The defendant’s assertion that prejudicial error is evinced by a showing of an inconsistency between the trial court’s allowance of request number 20 and its findings of fact is without merit.The defendant effectively waived any right to appellate consideration of such alleged inconsistency by neglecting to file a post-judgment motion to correct or a motion for a new trial in the trial court. Viera v. Balsamo, 328 Mass. 37, 39 (1951); Biggs v. Dinsmore, 323 Mass. 106, 108-109 (1948). Even if such issue were to be entertained, it is also evident that the defendant could not sustain his burden of proving on this appeal that any error charged was actually prejudicial. See, as to burden, Bendett v. Bendett, 315 Mass. 59, 65 (1943). The operation of G. L. c. 186, §14, however broadly or incorrectly construed, is irrelevant to our review of this case. While some ambiguities may have been created by the court’s disposition of request number 20 as to the extent of the court’s acceptance of the defendant’s view of §14, it is clear that any confusion arising from the defendant’s erroneous proposition of law did not enter into the ultimate determination of the case. Given the fact that the statement advanced by the defendant in request 20 constituted an incorrect proposition of law, the request should simply have been denied. The trial justice, however, qualified his disposition of request 20 with both a reference to his subsidiary findings and a reiteration of his ultimate finding that no statutory violation occurred because of the defendant’s *75 abandonment of the premises. Subsidiary finding number 11 establishes that the court in fact utilized the correct principles or law in adjudicating the parties’ controversy namely, that abandonment is a defense to a G. L. c.186, §14 claim. Given the foundation of sound law upon which the trial justice premised his findings, no prejudicial error can be deemed to have attended the granting of request number 20. See, generally, Brodeur v. Seymour, 315 Mass. 527, 530 (1944); Berube v. Fontaine, 54 Mass. App. Dec. 136, 144 (1974); Barton v. Kane, 9 Mass. App. Dec. 138, 141 (1955).
A mistake in failing to follow a ruling of law, erroneously adopted, to a decision contrary to the rights of the parties on the facts found to be true, does not require a new trial when it is manifest that a just decision, in the light of the governing principles of law has been made. . . .Clearly the substantial rights of the defendants have not been injuriously affected. They have suffered no real harm.
Bridges v. Hart, 302 Mass. 239, 246 (1939).
There being no reversible error, the report is dismissed.