Ruma, J.
This is an action in contract instituted by the plaintiffs, as lessors, to recover rents, restoration expenses and attorneys’ fees under the parties’ Standard Form Commercial Lease. The defendant-lessees denied complaint allegations, and filed a counterclaim for the amount of their security deposit.
Judgment was entered for the plaintiffs in the amount of $18,500.00 for rent, $525.50 for restoration expenses and $2,491.65 for attorneys’ fees. The court also found for the defendants on their counterclaim in the amount of the parties’ $3,000.00 security deposit.
The defendants are now before this Division on a claim of error in the trial court’s disposition of their requests for rulings of law.
The reported evidence indicates that the parties entered into a written, three year lease of commercial premises in Concord, Massachusetts. The lease term commenced on August 1,1985, and rent in the amount of $3,000.00 was due and payable on the first of each month. The defendants failed to pay rent in June, 1986; and on June 13, 1986, the plaintiffs delivered a written notice pursuant to Paragraph 19 of the lease that entry would be made to repossess the premises unless payment was made within ten days. Paragraph 19 provides:
In the event that: (a) the Lessee shall default in the payment of any installment of rent.. .and such default shall continue for ten (10) days after written notice thereof. . .then the Lessor shall have the right, thereafter, while such default continues, to re-enter and take complete possession of the leased premises, to declare the term of this lease ended, and remove the Lessee’s effects, without prejudice to any remedies which might be otherwise used for arrears of rent or other default. The Lessee shall indemnify the Lessor against all loss of rent and other payments which the Lessor may incur by reason of such termination during the residue of the term.. .including, but not limited to reasonable attorneys fees.. .[and] interest... .
On June 21,1986, the defendants vacated the premises without notice to the *135 plaintiffs, removed their stock of merchandise and changed the locks. On June 22,1986, the ninth day following the notice to quit, the plaintiffs entered and possession of the premises. The trial court found that the lease was terminated by the defendants’ vacating the premises. The court also found that the plaintiffs were required to make extensive repairs to the premises and were not able to lease the same until December 15, 1986.
1. In their first three requests for rulings of law, the defendants seek a determination that the ten day notice to quit for non-payment of rent issued by the plaintiffs was inadequate to terminate the lease under G.L. c. 186, § 11 which requires a fourteen day notice period.[4] The denial of defendants’ requests one through three was proper as G.L. c. 186, § 11 is inapplicable to this non-residential lease.
Parties to a commercial lease need not be bound by the fourteen day notice requirement of G.L. c. 186, § 11, but may contractually agree to a shorter notice to quit business premises for nonpayment of rent. See Gidwani v. Wasserman, 373 Mass. 162, 166 (1977). The right to waive or modify this fourteen day statutory notice provision in leases of commercial property is implicit in G.L. c. 186, §15A which precludes such waiver or modification only in leases pertaining to residential property.[5] It was thus lawful for the parties in the case at bar to incorporate into their commercial lease Paragraph 19 which established a shorter, ten day notice to quit. Such binding and enforceable contractual provision was properly invoked and utilized by the plaintiffs in an effort to terminate the lease for the defendants’ nonpayment of rent.[6]
2. The defendants’ fourth request for ruling of law stated:
4. The entry by the plaintiff was illegal because it did not conform to the agreement calling for ten days as well as M.G. L. c. 186, § 11, and is therefore a breach of the lease agreement and the defendant is entitled to damages.
The court denied request 4 on the basis of its inapplicability to the court’s *136 subsidiary finding that the lease terminated upon the defendants’ “having vacated and abandoned the premises” one day prior to the plaintiffs’ entry.[7]
Whether the defendants vacated and abandoned the premises was a question of fact for the trial court. Willetts v. Langhaar, 212 Mass. 573, 575 (1912); Barre Mobile Home Park, Inc. v. Rust, 1985 Mass. App. Div. 48, 49. A finding of fact is not reviewable on appeal in the absence of a request for ruling that the evidence is insufficient as a matter of law to warrant the finding, Reid v. Doherty, 273 Mass. 388, 389 (1930); Kipuros v. Kokoras, 1980 Mass. App. Div. 41, 43, unless the finding is clearly erroneous. Landrum v. Commonwealth, 1981 Maas. App. Div. 6, 7. The defendants waived any appellate consideration of the court’s finding that they vacated the premises by failing to file a request for ruling on such issue. The trial justice’s finding that the defendants vacated and abandoned the premises is reasonable on the basis of the reported evidence. See, generally, Codman v. Beane, 312 Mass. 570, 573 (1942); Kennedy Bros., Inc. v. Bird, 287 Mass. 477, 484 (1934). Compare, Damaso v. Yared, 1982 Mass. App. Div. 210, 212. The defendants were obviously free to vacate the premises prior to the expiration of the ten day period. Johnson v. Stewart, 77 Mass. (11 Gray) 181, 183 (1858). They did so on the eighth day of the ten day notice period, removing all of their merchandise and effectively waiving the remaining two days allotted to them either to vacate or to pay all overdue rent. The essence of abandonment is “the act of leaving coupled with the intention of not returning.” Commonwealth v. Lanigan, 12 Mass. App. Ct. 913, 914. (1981).
Given the court’s finding, the defendants’ fourth request for ruling of law was properly denied. A lessor may lawfully enter vacated premises. See Deerfield Forest Apartments/U.S. Shelter Corp. v. Grigorian, 1987 Mass. App. Div. 72, 74. The defendants cannot claim to have suffered damage in consequence of the plaintiffs’ early entry onto premises they had already vacated pursuant to a notice to quit for nonpayment of rent. The defendants did not endeavor to cure their breach of the lease by tendering the overdue rent either during the ten day notice period or thereafter.
3. There being no error, the report is dismissed.

General Laws c. 186, § 11 states, in relevant part: “Upon the neglect or refusal to pay the rent due under a written lease, fourteen days’ notice to quit, given m writing by the landlord to the tenant, shall be sufficient to determine the lease...

General Laws c.l86,§15Aprovides, in pertinent part: “Anv provision of a lease or other rental agreement relating to residential real property whereby a lessee or tenant enters into a covenant, agreement or con tract, by the use of any words whatsoever, the effect of which is to waive the notices required under §11 or §12, shall be deemed to be against public policy and void (emphasis supplied).”

General Laws c. 186, §11A, which was enacted by Chapter 381 of the Acts of 1987 subsequent to the execution of the lease at issue, authorizes termination pursuant to commercial lease provisions which vary from the fourteen day notice requirements of G.L. c. 186, §11. The new statute states: “Upon the neglect or refusal by the tenant to pay the rent due under a written lease of premises for other than dwelling purposes, the landlord shall be entitled to terminate the lease either (i) in accordance with the provisions of the lease or (ii) in the absence of such lease provisions, by at least fourteen days notice to quit...."

We construe the court’s finding that the defendants' abandonment "terminated the lease" as tantamount to a simple determination that the defendants waived the remaining two days of the notice period allotted to them to vacate by quitting the premises on the eighth day. At common law, a lessee’s abandonment of a leasehold is ordinarily insufficient to terminate a tenancy; the lessor must accept such abandonment for a surrender by operation of law to be effected. Cassidy v. Welsh, 319 Mass. 615, 618-619 (1946). The landlord's unequivocal acceptance is essential because one of the primary consequences of a surrender is the landlord’s forfeiture of any right to proceed against the tenant for rent due and payable after the time of surrender. Caruso v. Shelit, 282 Mass. 196, 199 (1933); Carlton Chambers Co. v. Trask, 261 Mass. 264, 267 (1927); Security System Co. v. S.S. Pierce Co., 258 Mass. 4, 5-6 (1926).
The instant case cannot be analyzed along traditional abandonment and surrender lines. No reasonable inference may be drawn from the reported evidence that the plaintiffs’ entry onto vacated premises on the ninth day of a ten day notice to quit period constituted an acceptance of an abandonment and a consequent relinquishment of all damages to which the plaintiffs were entitled under the parties’ lease. Termination of the lease was initiated pursuant to Paragraph 19 by the plaintiffs issuance to the defendants of a ten day notice to quit for nonpayment of rent. The defendants' departure from the premises was in response to such notice.