Sherman, P.J.
This is an action instituted in the Middlesex County Superior Court and subsequently remanded for trial to the Waltham Division of the District Court Department pursuant to the provisions of G.Lc. 231, §102C.
The action is one in negligence to recover for injuries sustained when the plaintiff fell from a rowing machine that was on display as a demonstration model at the defendant’s Burlington, Massachusetts store. After trial, the court found for the plaintiff, specifically finding that the defendant knew or should have known that the seat of the rowing machine was not secured to its structural support Damages were awarded to the plaintiff in the sum of $4,500.00, together with interest and costs.
There was evidence that the plaintiff was lawfully on the defendant’s premises on the date of the accident, February 17,1987, during regular business hours and that rowing machines were on display in the defendant’s sporting goods department. There was further evidence that the plaintiff was injured while she attempted to use one of the rowing machines on display.
The defendant claims to be aggrieved by the court’s denial of its requestfor rulings numbers 1 (in part), 2,4,5,6,8 and 10. The requests and the judge’s rulings are as follows:
1. Sears exercised reasonable care, and kept the sporting goods department, to which customers were invited, in a reasonably safe condition. Sears was only obliged to warn Jerauld against any danger, not known to her nor obvious to any ordinary intelligent person, which was either known or ought to have been known to Sears. Ventor v. Marianne, Inc., 1 Mass. App. Ct. 224, 294 N.E. 2d 870 (1973); Greenfield v. Freedman, 328 Mass. 272, 103 N.E. 2d 242 (1952).
The first sentence is denied as a request for a general finding — a mixed ruling of law and finding of fact Balance of request is allowed.
Virginia Jerauld did not use reasonable care to protect herself from what should have been an obvious hazard. Benjamin v. O’Connell & Lee Manufacturing Co., 345 Mass. 646, 130 N.E. 2d 126 (1956). Sears is excused for any mishap which in the exercise of reasonable care by Jerauld could have been avoided.
Denied.
4. Sears did not know nor should it have known of any alleged unsafe condition in the rowing machine area. Thus, Sears is not liable for any injuries sustained by Jerauld in allegedly falling from the rowing machine. Melloni v. Sears and Roebuck, Inc., 1982 Mass. App. Div. 133.
Denied.
5. Sears had no duly to warn Jerauld of any danger in using the rowing machine because it did not have any reason to suppose a warning was needed. *54 Killeen v. Harmon Grain Producers, Inc., 11 Mass. App. 20, 413 N.E.2d 767 (1980).
Denied... defendant knew or should have known that the seat of the rowing machine used for display and trial did not have the seat secured to its structural support
6. Sears’ negligence was not the proximate cause of Jerauld’s injury.
Denied.
8. Any physical or mental pain suffered by Jerauld was the direct result of Jerauld’s failure to exercise reasonable case in using the rowing machine, not' the result of any negligence by Sears.
Denied.
10. If Sears is deemed negligent, Jerauld was negligent to a greater degree than Sears and she is therefore barred from recovery under M.G.Lc. 231, §85.
Denied.
In addition to the findings set forth in connection with the defendant’s request for rulings, the trial judge volunteered the following at the conclusion of the rulings:
I find that the plaintiff was injured when she attempted to use a rowing machine on display at the defendant’s retail store outlet. The injury was caused - solely by reason of the seat to the rowing machine being balanced on the center of the support beam and apparently secure but not in fact affixed to the moveable beam. The plaintiff injured her left knee. I do not believe a substantial portion of the plaintiffs evidence of pain and suffering and disability.
The defendant’s principal contention on this appeal is that the evidence adduced at trial was insufficient to warrant the court’s subsidiary and ultimate findings for the plaintiff. It is well established, however, that any issue of the sufficiency of the evidence to support trial court findings is not open on appeal if no Dist./Mun. Cts. R. Civ. P., Rule 64 (b) request for ruling on such question is submitted to the trial judge. Bandera v. Donahue, 326 Mass. 563 (1950); Deignan v. Gondalski, 1988 Mass. App. Div. 134. An appeal to the Appellate Division deals solely with questions of law and there is no appeal from findings of fact made by the judge, unless there is a request for ruling testing the sufficiency of the evidence to warrant or require such findings. G.Lc. 231, §108; Butler v. Cromartie, 339 Mass. 4, 6 (1959); Sylon Industries Inc. v. Trim Knit, Inc., 13 Mass. App. Ct. 901 (1982).
Requests for rulings serve to separate the law from the facts so that rulings of law may bereviewed. DiGesse v. Columbia Pontiac Co., Inc., 369 Mass. 99, 103-104 (1975); Graustein v. Dolan, 282 Mass. 579, 583 (1933). District Court practice places the burden upon aparty prior to claiming an appeal to obtain rulings of law for the purpose of establishing a record for appeal. Dist/Mun. Cts. R. Civ. P., Rule 64(b). ■
The defendant’s requests seek either findings of fact or mixed rulings of law and fact. See Bliss v. Elbery Motor Corp., 1984 Mass. App. Div. 5, 7. As the defendant failed to file a request for ruling of law which raises an issue as to the sufficiency of the evidence to support the trial court’s findings, the defendant is not entitled to appellate consideration of such issue.[1]
Although a trial judge in a district court action at law is not required to make findings of fact, he mav elect to do so. Dist./Mun. Cts. R. Civ. P., Rule 52 (a). Such findings of factwill not be set aside on appeal unless they are “clearly erroneous.” See Marlow v. New Bedford, 369 Mass. 501 (1976). It is clear that the court’s findings herein can be sustained upon a reasonable view of the reported evidence and all inferences which can be derived from such evidence, including the defendant’s *55 implied invitation to its store patrons to test the rowing machine in question. See Gidwani v. Wasserman, 373 Mass. 162 (1977). The court may have properly concluded that the plaintiff sustained personal injuries proximately caused by a defect in the rowing machine which was actually created by the defendant, in breach of its duty of reasonable care, when the defendant’s employees improperly assembled the rowing machine.
There being no error, the report is dismissed.

 The issue of the sufficiency of the evidence was .in fact first raised in the defendants brief. Briefs cannot serve the purpose, however, of placing before an appellate court matters which were neither raised in the trial court, nor included in the record on appeal. Crall v. Leominster, 362 Mass. 95 (1972); Household Finance Corp. v. Vogel, 362 Mass. 885 (1972); Loyal Protective Life Ins. Co. v. Massachusetts Indem. & Life Ins. Co., 362 Mass. 484 (1572).